**In re Randolph C. BUGNA, Debtor.**

**Randolph C. BUGNA, Appellant,**

**v.**

**Edward E. McARTHUR, Appellee.**

**No. 93–55238.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 1994.*

Decided Aug. 16, 1994.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

1056

La Verne J. Bugna, Newport Beach, CA, for appellant.

Jeffrey I. Golden and Nemer Buchalter, Buchalter, Nemer, Fields & Younger, Newport Beach, CA, James W. Lundquist, Orange, CA, and Office of the U.S. Trustee, Santa Ana, CA, for appellee.

Before: D.W. NELSON, BEEZER and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge.

We consider two technical but important questions of bankruptcy law: (1) Are state court findings that the debtor committed fraud and breach of fiduciary duty binding on the debtor in dischargeability proceedings? And, (2) does Bankruptcy Code section 523(a)(4) preclude discharge of punitive damages?

**A.** Bugna and McArthur were business partners. Bugna, a licensed real estate broker, agreed to purchase for McArthur a 14.4% interest in a California partnership called Lakeview, Ltd. McArthur tendered a $90,000 earnest-money check, but Bugna promptly returned the uncashed check with the assurance McArthur would be able to complete the purchase after certain technical problems were cleared away. Months later, McArthur learned that Bugna was snapping up the 14.4% interest for himself.

McArthur sued Bugna in California state court for fraud and breach of fiduciary duty. A jury award of $90,000 in compensatory and $300,000 in punitive damages was affirmed on appeal. Bugna then filed for bankruptcy and McArthur initiated proceedings to have the $390,000 declared nondischargeable under Bankruptcy Code section 523(a)(4), which denies the debtor a discharge "from any debt ... for fraud or defalcation while acting in a fiduciary capacity." 11 U.S.C. § 523(a)(4).

The bankruptcy court reviewed the state court record, found that collateral estoppel precluded Bugna from relitigating the issues of fraud and breach of fiduciary duty, and held the entire award nondischargeable. 137 B.R. 785. Bugna appeals the bankruptcy court's nondischargeability order, challenging both the bankruptcy court's collateral estoppel finding and its ruling that punitive damages are nondischargeable under section 523(a)(4).

**B.** Though we have apparently never decided this issue, the Supreme Court has held that collateral estoppel applies in dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 284 & n. 11, 111 S.Ct. 654, 658 & n. 11, 112 L.Ed.2d 755 (1991).

Here, as in *Grogan*, all the elements of collateral estoppel were satisfied. The bankruptcy court was therefore required to apply collateral estoppel once it was invoked by the creditor. *In re Lockard*, 884 F.2d 1171, 1174 (9th Cir.1989).

■ In determining the collateral estoppel effect of a state court judgment, federal courts must, as a matter of full faith and credit, apply that state's law of collateral estoppel. 28 U.S.C. § 1738; *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982); *see In re St. Laurent*, 991 F.2d 672, 675–76 (11th Cir.1993) (upholding the application of state law of collateral estoppel in a bankruptcy case). Accordingly, the collateral estoppel effect of the state court determination of fraud here is governed by California law. Under this law, collateral estoppel bars relitigation when "(1) the issue decided in the prior action is identical to the issue presented in the second action; (2) there was a final judgment on the merits; and (3) the party against whom estoppel is asserted was a party ... to the prior adjudication." *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1520 (9th Cir.1987).

The bankruptcy court correctly found these criteria were met.[1] The issues of fraud and breach of fiduciary duty were actually litigated and formed the basis for the jury's fraud verdict. ER 9, 11, 17–18. The state trial judge agreed with the jury's recommendation and awarded compensatory and punitive damages. And the state court of appeal affirmed the punitive damages award after finding that the "evidence of actual fraud was overwhelming." ER 56. Bugna was a party to the state court adjudication, he had adequate opportunity and incentive to litigate, and the judgment against him is final.

■ The only remaining question is whether the issues faced by the bankruptcy court in the dischargeability proceeding were identical to those litigated and determined in state court. There are two issues under section 523(a)(4): whether the debtor incurred the debt by committing fraud or defalcation, and whether the fraud was in relation to the debtor's fiduciary responsibilities. *See In re Teichman*, 774 F.2d 1395, 1398 (9th Cir.1985). The bankruptcy court correctly found that these issues were litigated and resolved against Bugna in the state court proceeding. Bugna had a full trial on the issue of fraud, and the verdict on breach of fiduciary duty subsumed a finding that Bugna owed McArthur a fiduciary duty as his partner and real estate broker. Each of these relationships is sufficient to satisfy section 523(a)(4)'s fiduciary capacity requirement. *See Ragsdale v. Haller*, 780 F.2d 794, 796–97 (9th Cir.1986) (the fiduciary relationship imposed on partners under California law satisfies section 523(a)(4)); *In re Woosley*, 117 B.R. 524, 529 (9th Cir. BAP 1990) (the fiduciary duty real estate brokers owe their clients under California law satisfies section 523(a)(4)). Indeed, where the underlying state court action is for fraud, it seems almost inevitable that the issues determined will be identical to those raised under section 523(a)(4).

■ Bugna claims the bankruptcy court erred in refusing to reopen the issues of fraud and breach of fiduciary duty. To the contrary, the court would have erred had it permitted relitigation of these issues. Bugna has had his day in court; in fact, he has had many days in court, at great expense to McArthur and at great burden to the judicial system. Incurring these costs a second time is precisely the evil the doctrine of collateral estoppel is designed to prevent. *See Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980) (collateral estoppel "relieve[s] parties of the cost and vexation of multiple lawsuits [and] conserve[s] judicial

---

1. The bankruptcy court erroneously applied federal law of collateral estoppel. *See* ER 79 (citing *In re Chapman*, 125 B.R. 284, 286 (Bankr. S.D.Cal.1991)). The federal standard of collateral estoppel applied by the bankruptcy court, however, is not materially different from the California standard; if anything, it is more strin-

gent. *Compare Chapman*, 125 B.R. at 286 (describing elements of collateral estoppel) *with People v. Sims*, 32 Cal.3d 468, 186 Cal.Rptr. 77, 87, 651 P.2d 321, 331 (1982) (describing California law of collateral estoppel). The bankruptcy court's findings thus adequately address the elements of collateral estoppel under California law.

resources"). Once a party (like McArthur here) has won a final victory on an issue, it is entitled to avoid relitigation of that issue in any other forum. The bankruptcy court's otherwise broad powers do not include the power to reject a party's invocation of collateral estoppel on an issue fully and fairly litigated in another court.

**C.** Bugna also contends, notwithstanding the findings of fraud and breach of fiduciary duty, that section 523(a)(4) does not bar discharge of the punitive damages portion of the state court judgment.[2] This is a question of statutory interpretation, which we answer by looking to the unambiguous language of section 523(a)(4).[3]

Section 523(a)(4) provides that a debtor cannot discharge any "debt ... for fraud or defalcation while acting in a fiduciary capacity." 11 U.S.C. § 523(a)(4). Thus, by its express terms, section 523(a)(4) precludes Bugna from discharging his entire liability to McArthur only if a state court judgment imposing punitive damages is a "debt" within the meaning of section 523(a). The only other issue under section 523(a)(4)—whether the punitive damages were imposed for fraud while acting in a fiduciary capacity—is easily resolved: The punitive damages Bugna seeks

to discharge were imposed in a state court action for fraud and breach of fiduciary duty.

A state court judgment, whether for punitive or compensatory damages, clearly represents a debt within the meaning of the Bankruptcy Code. The Code defines "debt" as "liability on a claim," 11 U.S.C. § 101(12), and a "claim" as a "right to payment, whether or not such right is reduced to judgment." 11 U.S.C. § 101(5)(A). Whether for compensatory or punitive damages, a state court judgment is a "right to payment," and thus a "debt" within the meaning of section 523(a)(4). Any other interpretation of the term "debt" would stretch credulity; after all, if it applies to nothing else, the Bankruptcy Code applies to state court judgments.

This plain reading of section 523(a)(4) is consistent with our interpretation of other subsections within section 523(a). We have interpreted section 523(a)(6),[4] which contains language similar to that in section 523(a)(4), as barring discharge of punitive damages liability. *See In re Britton,* 950 F.2d 602, 606 (9th Cir.1991); *In re Adams,* 761 F.2d 1422, 1427–28 (9th Cir.1985). And, though we have said that section 523(a)(2) does not bar discharge of punitive damages, *In re Levy,* 951 F.2d 196, 199 (9th Cir.1991),[5]

---

**2.** This argument wasn't raised below; nonetheless, we exercise our discretion to address it because it involves a pure question of law. *In re Perez,* 30 F.3d 1209, 1213–14 (9th Cir.1994) (noting that the rule against considering issues not raised below "is applied more flexibly in the bankruptcy context"); *Telco Leasing, Inc. v. Transwestern Title Co.,* 630 F.2d 691, 693 (9th Cir.1980).

**3.** We address only the dischargeability of traditional forms of punitive damages—the sort of punitive damages imposed under the "common law method" approved by the United States Supreme Court. *See Honda Motor Co. v. Oberg,* — U.S. —, — – —, 114 S.Ct. 2331, 2331–33, 129 L.Ed.2d 336 (U.S.1994) (describing scope of judicial review of punitive damages at common law); *Pacific Mut. Life Ins. Co. v. Haslip,* 499 U.S. 1, 15–18, 111 S.Ct. 1032, 1041–44, 113 L.Ed.2d 1 (1991) (describing common law method). The dischargeability inquiry might be different, however, in the case of punitive damages that deviate from this tradition, as would be the case if, for example, the jury were given unlimited discretion to impose punitive damages, *see id.*

at 19, or the punitive damages were not predicated on the debtor's culpability.

**4.** Section 523(a)(6) bars discharge of any "debt ... for willful and malicious injury by the debtor." 11 U.S.C. § 523(a)(6).

**5.** *Levy* might be taken to suggest that section 523(a)(6) is the only subsection of 523(a) that can be applied to prevent the discharge of punitive damages. The court states that "[f]or punitive damages, then, the appropriate exception to discharge is 523(a)(6)." 951 F.2d at 199. However, the court in *Levy* clearly contemplated the application of sections other than section 523(a)(6), including section 523(a)(4), to punitive damage awards: "the structure established in section 523 as a whole supports a conclusion that section 523(a)(2), unlike sections *523(a)(4)* and 523(a)(6), does not bar discharge of punitive damages." *Id.* at 198 (emphasis added). Moreover, we must read *Levy* consistently with prior Ninth Circuit cases, and we have previously found that punitive damages are nondischargeable under other subsections of section 523(a). *See, e.g., Adams,* 761 F.2d at 1428 (punitive dam-

that section is clearly distinguishable: "[U]nlike sections 523(a)(4) and 523(a)(6), [section 523(a)(2) ] does not bar discharge of punitive damages." *Id.* at 198. Congress specifically limited the application of section 523(a)(2) to "debt ... *to the extent obtained by* false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A) (emphasis added). Because punitive damages are not *obtained* by fraud but rather imposed because of it, they are not restitutionary as required under section 523(a)(2). *Levy,* 951 F.2d at 199. Section 523(a)(4), like section 523(a)(6), conspicuously lacks this limiting language.

██ Bugna argues, nevertheless, that the Bankruptcy Code's "fresh start" policy favors the discharge of punitive damages.[6] Bugna's argument can be summarized as follows: The Bankruptcy Code favors discharge of debt to provide the debtor with a fresh start, so its terms should be interpreted liberally with this purpose in mind. Barring discharge of punitive damages impedes the debtor's fresh start; thus, we should not interpret section 523(a)(4) to bar discharge of punitive damages.

██ This argument seriously misapprehends the role the fresh start policy plays in our interpretation of the Bankruptcy Code. Bugna is right in one respect: The Code is designed to afford debtors a fresh start, and we interpret liberally its provisions favoring debtors. But under Bugna's interpretation, section 523(a) would never stand in the way of debtors anxious to discharge their debts. After all, the compensatory damages awarded in a state court judgment for fraud and breach of fiduciary duty can be quite large, and the burden of paying off that debt could impair the debtor's fresh start. Though we interpret liberally those sections of the Code that favor debtors, we don't redraft the stat-

ute to permit the discharge of otherwise nondischargeable debts.

██ In any event, the fresh start opportunity is limited to the "honest but unfortunate debtor." *Grogan v. Garner,* 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991) (internal quotations omitted). Bugna and others who incur liability for punitive damages through the commission of fraud while acting in a fiduciary capacity are neither honest nor unfortunate, and they do not deserve the benefit of the fresh start policy. For this reason, we have previously rejected the same fresh start argument in finding that section 523(a)(6) bars discharge of punitive damages. *See Britton,* 950 F.2d at 606. We see no reason why Bugna's argument carries any greater weight in the context of section 523(a)(4).

\*    \*    \*    \*    \*    \*

The bankruptcy court correctly concluded, as a matter of collateral estoppel, that the compensatory and punitive damages Bugna owes McArthur are a debt "for fraud ... while acting in a fiduciary capacity," 11 U.S.C. § 523(a)(4), and that they are not dischargeable.

**AFFIRMED.**

---

ages are nondischargeable under section 523(a)(9)).

6. Bugna also relies on *In re DeLuca,* 111 B.R. 839 (Bankr.C.D.Cal.1990), for the proposition that section 523(a)(4) does not bar discharge of punitive damages. But *DeLuca* relies principally on *In re Ellwanger,* 105 B.R. 551 (9th Cir. BAP 1989), whose rationale we have expressly repudi-

ated. *See Levy,* 951 F.2d at 199 (calling *Ellwanger* "overbroad" and stating that private creditors can prevent the discharge of punitive damages under some subsections of 523(a)). To avoid any further confusion, we repudiate *Ellwanger*'s unfounded reading of section 523(a) and, to the extent *DeLuca* relies on that reading to suggest section 523(a) never bars discharge of private punitive damages awards, we overrule it.