86 F.3d 1165
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Izhak YAROM and Viviane Yarom, Debtors,
Raymond L. ASHER, Plaintiff-Appellee,
v.
Izhak YAROM, a/k/a Itzhak Yarom, a/k/a Izahk Yarom, a/k/a
Ighak Yarom, a/k/a Ishak Yarom, a/k/a Ike Yarom, d/b/a
Ventura Auto Sales, a/k/a Ventura A.S., and Ike's
Automotive, a/k/a Ike's Auto, Defendant-Appellant.
 No. 95-56000.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 7 debtor Izhak Yarom appeals the Bankruptcy Appellate Panel's ("BAP") affirmance of the bankruptcy court's order finding nondischargeable, under 11 U.S.C. § 523(a)(2), (6), a state court award of compensatory damages ($4,750) and punitive damages ($12,500) in favor of Raymond Asher in connection with an automobile purchase by Asher. The bankruptcy court held that compensatory damages owed by Yarom for fraud were nondischargeable under section 523(a)(2) while the state court's award of punitive damages was nondischargeable under section 523(a)(6). Because we are in as good a position as the BAP to review the bankruptcy court's decision, we independently review the bankruptcy court's rulings. See Havelock v. Taxel (In re Pace), 67 F.3d 187, 191 (9th Cir.1995). We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. Id. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 Because Yarom previously conceded the nondischargeability of compensatory damages under section 523(a)(2), we review only the bankruptcy court's holding that the punitive damages award was nondischargeable under section 523(a)(6). Section 523(a)(6) bars discharge of debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." "We have held that an act is 'willful and malicious' when done intentionally and the act necessarily produces harm and is without just cause or excuse." Papadakis v. Zelis (In re Zelis), 66 F.3d 205, 208 (9th Cir.1995). A creditor need not show that the debtor specifically intended to injure the victim, only that the debtor had actual knowledge or could reasonably foresee that his conduct would result in injury to the creditor. See Britton v. Price (In re Britton), 950 F.2d 602, 605 (9th Cir.1991).
 
 
 4
 The bankruptcy court gave collateral estoppel effect to the California state court judgment that awarded punitive damages against Yarom for ratifying the acts of his agents, Wolf and Mendel. To determine whether collateral estoppel applies in this case, we must decide whether the issues resolved in Asher's state court action against Yarom are identical to the question whether Yarom inflicted willful and malicious injury within the meaning of section 523(a)(6). See Bugna v. McArthur (In re Bugna), 33 F.3d 1054, 1057 (9th Cir.1994).[1]
 
 
 5
 By awarding punitive damages, the state court necessarily found that Yarom ratified the acts of his agents, Wolf and Mendel. Mitchell v. Keith, 752 F.2d 385, 390 (9th Cir.), cert. denied, 472 U.S. 1028 (1985). Furthermore, Yarom conceded to ratifying the acts of Wolf and Mendel. Under California law, "ratification" is defined as a:
 
 
 6
 voluntary election by a person to adopt in some manner as his own an act which was purportedly done on his behalf by another person, the effect of which, as to some or all persons, is to treat the act as if originally authorized by him.
 
 
 7
 Rakestraw v. Rodrigues, 500 P.2d 1401, 1404-05 (Cal.1972). In addition, voluntary ratification requires the "knowledge of [all] material facts." Id. at 1405-06. Yarom's ratification of the fraud, therefore, was willful and malicious because he had the requisite intent to commit the acts that caused harm to Asher. See Zelis, 66 F.3d at 208; Britton, 950 F.2d at 605. Because the issues before the bankruptcy court were the same as those litigated in state court, the bankruptcy court did not err by giving preclusive effect to the state court judgment when it held that Yarom's punitive damage debt was nondischargeable. See Bugna, 33 F.3d at 1057.
 
 
 8
 Asher's request for sanctions against Yarom for filing a frivolous appeal is denied.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The other two requirements necessary to give preclusive effect to the state court's judgment, whether there was a final judgment on the merits and whether Yarom was a party to the prior action, see Bugna, 33 F.3d at 1057, are uncontested