129 F.3d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Jerome BERG, Debtor.
THE DENTISTS INSURANCE COMPANY, Plaintiff-Appellee,
v.
Jerome BERG, Defendant-Appellant.
 No. 96-15751.
 United States Court of Appeals, Ninth Circuit.
 Nov. 03, 1997.
Submitted July,** 18, 1997
 
 Appeal from the United States District Court for the Northern District of California
 Maxine M. Chesney, District Judge, Presiding
 Before: SNEED, HALL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 CHESNEY
 
 2
 Jerome Berg appeals from the district court's judgment affirming the bankruptcy court's grant of summary judgment for The Dentist Insurance Company ("TDIC'). Berg contends that the bankruptcy court erred by giving the 1992 state court fraud judgment preclusive effect in TDIC's nondischargeability proceeding. The district court's judgment is affirmed.
 
 I.
 BACKGROUND
 
 3
 In November 1985, after several of TDIC's insureds became embroiled in malpractice actions, TDIC retained Jerome Berg to serve as cumis counsel. In 1987, TDIC paid Berg $193,823.46 for services and expenses. A subsequent investigation into Berg's billing practices led TDIC to believe it had been overcharged. On January 1, 1988, after California Civil Code § 2860 became effective, TDIC concluded that section 2860 released it of any obligation to provide its insureds with cumis counsel in the malpractice suits. In a "cut-off" letter of January 18, 1988, TDIC put Berg and the insureds or notice that it would no longer pay for cumis counsel. From January 19, 1988, through May 1988, Berg continued billing TDIC for services he allegedly performed in 1987. TDIC paid Berg an additioral $163.201.40.
 
 
 4
 TDIC sued Berg in California superior court for actual fraud, malice and deceit. Berg cross-complained against TDIC for recovery of services performed after January 18, 1988. The trial judge granted TDIC summary adjudication on Berg's cross-complaint on the ground that TDEC's reliance on California Civil Code § 2860 released it of any obligation to pay for Berg's services after January 18th. The jury awarded TDIC $282,024.86 in compensatory damages and $40,935.16 in costs, but awarded no punitive damages. Berg's motion for judgment n.o.v or a new trial, challenging the constitutionality of California Civil Code § 2860, was denied. Berg appealed the fraud issue, the constitutionality issue, and the issues raised in his cross-complaint, to the California Court of Appeals and California Supreme Court. His writ of certiorari to the United States Supreme Court was denied.
 
 
 5
 Berg filed for bankruptcy protection and TDIC initiated a nondischargeability action pursuant to 11 U.S.C. §§ 523(a)(2)(A) & 523(a)(2). Berg's cross-complained against TDIC, raising the identical issues he previously raised in state court, i.e., whether California Civil Code § 2860 was constitutional and whether he should recover for his work as cumis counsel after January 18, 1988. TDIC moved for summary judgment under the doctrine of collateral estoppel. The bankruptcy court granted summary judgment in favor of TDIC and held the fraud judgment to be nondischargeable under 11 U.S.C. § 523(a)(2). The district court affirmed and Berg timely appeals.
 
 II.
 DiSCUSSION
 
 6
 Berg contends that the state court fraud judgment should not be given preclusive effect because Berg lacked a full and fair adjudication in state court. We disagree.
 
 
 7
 We independently review the bankruptcy court's ruling on appeal from the district court. See Levin v. Maya Constr. (In re Maya Constr. Co.), 78 F.3d 1395, 1398 (9th Cir.), cert. denied, 117 S.Ct. 168 (1996). We review the bankruptcy court's conclusions of law de novo. See Alsberg v. Robertson (In re Alsberg), 68 F.3d 312, 314 (9th Cir.1995), cert. denied, 116 S.Ct. 1563 (1996).
 
 
 8
 Collateral estoppel principles apply in bankruptcy discharge exception proceedings. See Grogan v. Garner, 498 U.S. 279, 284-85 & n. 11 (1991). So long as the creditor invokes collateral estoppel and demonstrates that its elements are satisfied, the bankruptcy court must apply collateral estoppel on an issue fully and fairly litigated in another court. See Bugna v. McArthur (In re Bugna), 33 F.3d 1054, 1057-58 (9th Cir.1994). "In determining the collateral estoppel effect of a state court judgment, federal courts must, as a matter of full faith and credit, apply that state's law of collateral estoppel." Id. at 1057.
 
 
 9
 Under California law, "collateral estoppel bars relitigation when '(1) the issue decided in the prior action is identical to the issue presented in the second action; (2) there was a final judgment on the merits; and (3) the party against whom estoppel is asserted was a party ... to the prior adjudication,' " Id. (quoting Garrett v. City and County of San Francisco, 818 F.2d 1515, 1520 (9th Cir.1987)). The court must additionally consider whether application of collateral estoppel advances public policy considerations. See Younan v. Caruso, 59 Cal.Rptr.2d 103, 106 (Cal.Ct.App.1996).
 
 A. The Fraud Issue
 
 10
 In its summary judgment motion, TDIC satisfied the elements of collateral estoppel on the fraud issue. First, the fraud issue in the nondischargeability proceeding was identical to the fraud issue in TDIC's state court action. See In Re Bugna, 33 F.3d at 1057; see also Cowen v. Kennedy (In re Kennedy), 108 F.3d 1015, 1018 n. 2 (9th Cir.1997). Second, the issue of fraud in TDIC's state court suit resulted in a final judgment on the merits. See In re Bugna, 33 F.3d at 1057. Third, Berg was a party to the state court adjudication of the fraud issue. See Id. Finally, public policy considerations, such as guarding against inconsistent judgments, justified application of collateral estoppel to the fraud issue. See Id.
 
 B. Berg's Cross-Complaint
 
 11
 TDIC additionally satisfied the elements of collateral estoppel with regard to the issues raised in Berg's crosscomplaint. First, the issues Berg raised in his bankruptcy court cross-complaint, i.e., the constitutionality of California Civil Code § 2860 and whether TDIC owed Berg for services performed after January 18, 1988, were identical to the issues Berg raised in the state court action. See In Re Bugna, 33 F.3d at 1057. Second, the issues Berg previously raised in state court resulted in a final judgment on the merits. Third, Berg was a party to the state court suit. Finally, the public policy considerations justified application of collateral estoppel to the issues raised in Berg's cross-complaint. See Id.
 
 
 12
 Berg, citing the Restatement (Second) of Judgments § 28 (1982), nevertheless contends that collateral estoppel should not be applied to the fraud issue. We disagree.
 
 
 13
 The nub of Berg's contention is that he qualifies for one of the Restatement (Second) exceptions to collateral estoppel by having been deprived of an adequate opportunity to obtain a full and fair adjudication in state court. See Restatement (Second) of Judgments § 28(5)(c). Berg argues that the state court's ruling that California Civil Code § 286C released TDIC from any obligation to pay for Berg's costs and services after January 18, 1988 unfairly "gutted" his fraud defense. The Restatement Second commentary, however, specifically, states that "a refusal to give the first judgment preclusive effect ... should [not be] based simply on a conclusion that the first determination was patently erroneous." See Restatement (Second) of Judgments § 28 cmt. j (1982). Furthermore, under California law, a final judgment is entitlec: to collateral estoppel effect regardless of our agreement with the decision itself. See Martin v. Martin, 87 Cal.Rptr. 526, 533 (Cal.1970) (under doctrine of collateral estoppel, an erroneous judgment is as conclusive as a correct one) Accordingly, we find Berg's Restatement (Second) of Judgments argument unpersuasive.[1]
 
 
 14
 Finally, Berg contends that the bankruptcy court erred by failing to consider matters extrinsic to the state court judgment under Brown v. Felsen, 442 U.S. 127 (1079). However, because TDIC's state court judgment was specifically based on a finding of fraud, Berg's reliance on Brown is misplaced. See Id. at 139 n. 10.
 
 
 15
 Accordingly, both the district court and bankruptcy court correctly concluded that, pursuant to collateral estoppel, the debt Berg owed TDIC was a debt for money obtained by fraud under 11 U.S.C. § 523(a)(2)(A), and consequently nondischargeable. See Grogan, 498 U.S. at 285 & n. 11; see also In re Bugnan, 33 F.3d at 1057-58.
 
 
 16
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App. P. 34(a)
 
 
 *
 This disposiiton is not appropriate for publication and may not be cited to or by the courts of this circuit except as provlded by 9th Cir.R. 36.3
 
 
 [1]
 Berg posits various arguments in an attempt to show that the state court judgment was erroneously decided. However, because Berg's arguments were previously raised and decided in state court, he is estopped from raising such issues in the bankruptcy court. See In re Bugna, 33 F.3d at 1057-58. Moreover, a showing of error in the state court judgment does not militate against the application of collateral estoppel. See Martin, 87 Cal.Rptr. at 533