142 F.3d 445
 2 Cal. Bankr. Ct. Rep. 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Arthur Lionel SCOVIS; Jenny Scovis, Debtors,
Arthur Lionel Scovis; Jenny Scovis, Appellants,
v.
Christen Brun Henrichsen, Appellee.
 No. 97-55683.
BAP No. CC-95-01905-JPMe.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998.**
Decided April 24, 1998.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel Robert C. Jones, Elizabeth L. Perris, and James W. Meyers, Judges, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Chapter 7 debtors Arthur Lionel Scovis and Jenny Scovis ("the Scovises") appeal a decision of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's summary judgment in favor of Christen Brun Henrichsen declaring nondischargeable under 11 U.S.C. § 523(a)(6) the Scovises' debt to Henrichsen arising out of a state court judgment. The state court held the Scovises liable for intentional interference with prospective economic advantage based on Arthur Scovis' interference with Henrichsen's legal representation of a personal injury client. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo, see Steelcase, Inc. v. Johnston (In re Johnston), 21 F.3d 323, 326 (9th Cir.1994), and we affirm.
 
 
 3
 First, the bankruptcy court did not err by giving collateral estoppel effect to the state court judgment because the issue of intentional interference with prospective economic advantage was actually litigated to a final judgment on the merits between the parties in the state court trial. See Bugna v. McArthur (In re Bugna), 33 F.3d 1054, 1057-58 (9th Cir.1994).
 
 
 4
 Second, the Scovises' contention that the bankruptcy court erred by declaring the interest on the state court judgment to be nondischargeable lacks merit because ancillary obligations such as interest partake of the character of the underlying debt. See Florida v. Ticor Title Ins. Co. (In re Florida), 164 B.R. 636, 639 (B.A.P.9th Cir.1994).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3