In re: Dolores BRILES, Debtor.

Eleanor Stevens, Plaintiff–Appellee,

v.

Dolores Briles, Defendant–Appellant.

No. 99–56967.
D.C. No. CV 99–00189–BTM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2001.

Decided Aug. 2, 2001.

Before HUG, GRABER, and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

In this appeal we decide whether the bankruptcy court erred in ruling that debtor Dolores Briles committed defalcation in a fiduciary capacity, thereby rendering the judgment debt against her nondischarge-

able. We affirm. Because the parties are familiar with the facts and prior proceedings, we do not restate them unless necessary.

■ A debt is nondischargeable if it is "for fraud or defalcation while acting in a fiduciary capacity." 11 U.S.C. § 523(a)(4). "The definition of defalcation includes both the 'misappropriation of trust funds or money held in any fiduciary capacity; [and the] failure to properly account for such funds.'" *Blyler v. Hemmeter (In re Hemmeter)*, 242 F.3d 1186, 1190 (9th Cir. 2001) (quoting *Lewis v. Scott (In re Lewis)*, 97 F.3d 1182, 1186 (9th Cir.1996)).

Under California law, Briles was acting in her capacity as a licensed real estate broker when she arranged the loan from Stevens to the Aguilars. *See* Calif. Bus. & Prof.Code § 10131(d). Briles was therefore acting in a fiduciary capacity under § 523(a)(4). *See Bugna v. McArthur (In re Bugna)*, 33 F.3d 1054, 1057 (9th Cir.1994).

■ Briles argues that even if she was acting in a fiduciary capacity, she did not commit defalcation because the arbitration decision does not establish that she was entrusted with property or funds. We disagree. The arbitration decision establishes that Briles caused the trust deed to be "delivered to [her] unrecorded for the benefit of Stevens." Further, Stevens "relied on Briles to get the trust deed recorded without prejudice to Stevens' security position." The Aguilar purchase closed on March 23, 1990, but the trust deed was not recorded until April 24, 1990, by which time the Internal Revenue Service ("IRS") had recorded a lien with priority over the Stevens'. There is no evidence that the Stevens ever held the trust deed. According to the arbitrator, the circumstantial

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

evidence was that the person who recorded the trust deed was either Briles or someone acting at her direction. The arbitrator also found that Briles delayed the recording in part to conceal the loan's existence and thereby to protect her substantial commission on the Aguilar purchase.

By delaying the recording, Briles permitted the IRS to record a lien ahead of Stevens. In so doing, Briles substantially reduced the value of property with which she had been entrusted and over which she had control. We hold that this conduct constitutes defalcation either as a failure to account for property or as a misappropriation of property.

AFFIRMED.