Peter HOFFMAN, Plaintiff—Appellant,

v.

Barry GOLDIN; et al., Defendants—Appellees.

No. 06–56074.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 26, 2008.

Peter Hoffman, Los Angeles, CA, for Plaintiff–Appellant.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Steven M. Goldberg, Esq., Russ August & Kabat, Mark Halloran, Esq., Andrew J. Thomas, Davis Wright Tremaine, LLP, Marcia B. Paul, Esq., Los Angeles, CA, Davis Wright & Tremaine, New York, NY, for Defendants–Appellees.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Peter Hoffman, an attorney, appeals pro se from the district court's order dismissing for failure to state a claim his civil rights action alleging due process violations in connection with an arbitration and state court proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 619 (9th Cir.2004). We may affirm on any basis supported by the record. *United States v. State of Wash.*, 969 F.2d 752, 755 (9th Cir.1992). We affirm.

Hoffman may not relitigate whether defendants violated his due process rights because that issue, which is now at the crux of his federal civil rights claims, has already been litigated by the parties in state court and ultimately decided by the California courts in favor of defendants. *See Jonesfilm v. Hoffman*, No. B 183198, 2006 WL 1174178, at *4–6 (Cal.Ct.App. May 4, 2006); *Jonesfilm v. Hoffman*, S 144316, slip op. at 1 (Cal. Aug. 2, 2006) (pet. for review denied); *see also Bugna v. McArthur (In re Bugna)*, 33 F.3d 1054, 1057 (9th Cir.1994) (describing elements of

collateral estoppel under California law). The doctrine of issue preclusion therefore bars Hoffman's federal civil rights action. *See* 28 U.S.C. § 1738; *Dodd v. Hood River County*, 136 F.3d 1219, 1225 (9th Cir.1998) ("Federal courts must give state court judgments the same preclusive effect as they would be given by courts of that state.").

We deny defendant Nau's motion for attorneys' fees and sanctions.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

