In re James D. KENNEDY, Jr., Debtor.

Alan D. COWEN and Josephine Cowen, Plaintiffs–Appellees,

v.

James D. KENNEDY, Jr., Defendant–Appellant.

No. 95–55536.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 12, 1996.

Decided March 5, 1997.

As Amended March 21, 1997.

Richard Hamlish, Westlake Village, CA, for debtor–defendant–appellant.

William B. Parker, Parker & Nelson, Ventura, CA, for plaintiffs–appellees.

Before: PREGERSON, D.W. NELSON and O'SCANNLAIN, Circuit Judges.

## OPINION

O'SCANNLAIN, Circuit Judge:

We must decide whether the Bankruptcy Court has jurisdiction to enter a monetary judgment on a disputed state law claim in the course of making a determination that a debt is nondischargeable.

### I

In late 1988, James Kennedy, acting as both a developer and a broker, sought to sell a house to Alan and Josephine Cowen. In the course of negotiating the sale of the home, Kennedy made several representations about his previous construction experience, the quality of the workmanship, fixtures and details going into the house, that the house would be a "showplace" when completed, and that Kennedy planned on using the house to promote future projects.

Kennedy indeed sold the house to the Cowens, and closing occurred in January 1989. By the end of that year, the Cowens had filed suit in Ventura County Superior Court alleging several causes of action against Kennedy, including fraud.

In early 1991, Kennedy filed a petition in bankruptcy under Chapter 7. Thereafter, the Cowens filed a complaint in bankruptcy court for the Central District of California seeking a determination that Kennedy owed a nondischargeable debt to them for fraud in the sale of the home. Although the state court action was still pending, the complaint asked for judgment on the damages issue. In due course, Kennedy and the Cowens signed a joint status report setting a schedule for discovery with the bankruptcy court.

Subsequently, the Cowens dismissed their state law cause of action against Kennedy without prejudice. The parties then signed a Joint Pre–Trial Order agreeing on the issues that would be tried in the bankruptcy court. They agreed that the discharge action was a core proceeding, and that Kennedy had admitted facts in his answer sufficient to establish jurisdiction by the bankruptcy court. Furthermore, the parties agreed that they intended to litigate all the elements of fraud before the bankruptcy court, that Kennedy admitted acting as a broker in the sale of the

house, and that the Cowens intended to ask the bankruptcy court to determine the amount of damages and enter a money judgment on their fraud claim.

The bankruptcy court held a two day trial on the issue of whether Kennedy owed a debt to the Cowens which was nondischargeable because of fraud. At the beginning of trial, Kennedy argued that the bankruptcy court did not have jurisdiction to enter a judgment on the Cowens' fraud claim which was governed by California state law. The bankruptcy judge rejected this argument, and proceeded with a trial on the merits, ultimately holding that the Cowens had suffered damages in the amount of $100,000 because of Kennedy's fraud, and that the debt could not be discharged in bankruptcy.

Kennedy appealed this decision to the Bankruptcy Appellate Panel ("BAP"), and again argued that the bankruptcy court lacked jurisdiction to enter judgment on the fraud cause of action. He also argued that the Cowens were collaterally estopped from bringing their claim for fraud because they had dismissed the state court cause of action, that the bankruptcy court had used the wrong standard to establish fraud, and that there was insufficient evidence to establish fraud. After a limited remand for a clarification of the bankruptcy court's findings, the BAP affirmed the bankruptcy court in full. This timely appeal followed.

## II

Congress has prescribed that bankruptcy courts "may hear and determine ... all core proceedings ... and may enter appropriate orders and judgments." 28 U.S.C. § 157(b)(1). Actions seeking a determination that a debt is not dischargeable in bankruptcy are core proceedings. 28 U.S.C. § 157(b)(2)(I).

█ While Kennedy agrees that discharge actions are core proceedings, he argues that the bankruptcy court lacks jurisdiction to establish whether a debt on an unliquidated state law claim exists and to enter judgment on that debt. Instead, he argues that because the Cowens' claim had not been reduced to judgment they should have been

required to seek relief from the bankruptcy code's automatic stay of litigation, proceed to prosecute their fraud claim in the state court, and then return to the bankruptcy court with a judgment and seek to have that judgment declared non-discharged in bankruptcy. As support, Kennedy cites to a case where a bankruptcy court followed this procedure. *In re Lambert,* 76 B.R. 131 (E.D.Wis.1985).

Although Kennedy's proposed procedure is certainly an acceptable method to pursue, he offers no precedent to suggest this is the only proper course. Several Ninth Circuit cases have affirmed entry of judgment by the bankruptcy court in core proceedings, but none of them have specifically considered the jurisdictional question. *See In re Ashley,* 903 F.2d 599 (9th Cir.1990), *In re Apte,* 96 F.3d 1319 (9th Cir.1996), *In re Eashai,* 87 F.3d 1082 (9th Cir.1996).

As there is no Ninth Circuit precedent on point, we look to how our sister circuits have addressed the jurisdictional question. The Sixth Circuit has squarely held that the bankruptcy court has jurisdiction to enter a monetary judgment in an adversarial core proceeding, *In re McLaren,* 990 F.2d 850, 853–54 (6th Cir.1993), and re-affirmed this holding in a later suit where the bankruptcy court established the existence of a debt and entered a monetary judgment after a finding of non-dischargeability because of fraud under 11 U.S.C. § 523(a)(2)(A). *In re McLaren,* 3 F.3d 958, 965–66. (6th Cir.1993). *See also In re Hallahan,* 936 F.2d 1496, 1507–1508 (7th Cir.1991) (recognizing that the bankruptcy court has jurisdiction to enter a money judgment for the amount of creditor's claim found to be excepted from discharge), *In re Porges,* 44 F.3d 159, 163–65 (2d Cir. 1995) (affirming jurisdiction for entry of monetary judgment in a core proceeding), *Vickers v. Home Indem. Co., Inc.,* 546 F.2d 1149, 1151 (5th Cir.1977) (holding that Bankruptcy Act authorized entry of monetary judgment in an action for non-dischargeability).

We are particularly persuaded by the analysis of one bankruptcy judge:

> If it is acknowledged as beyond question that a complaint to determine dischargeability of a debt is exclusively within the

equitable jurisdiction of the bankruptcy court, then it must follow that the bankruptcy court may also render a money judgment in an amount certain without the assistance of a jury. This is true not merely because equitable jurisdiction attaches to the entire cause of action but more importantly because it is impossible to separate the determination of dischargeability function from the function of fixing the amount of the non-dischargeable debt.[1]

*In re Devitt*, 126 B.R. 212, 215 (Bankr.D.Md. 1991).

We conclude, in conformity with all of the circuits which have considered the matter, that the bankruptcy court acted within its jurisdiction in entering a monetary judgment against Kennedy in conjunction with a finding that the debt was non-dischargeable.

### III

In addition to his jurisdictional argument, Kennedy raises several substantive challenges to the bankruptcy court's rulings.

■ First, Kennedy contends that the Cowens are collaterally estopped from any litigation regarding his alleged fraud before the bankruptcy court because they voluntarily dismissed, without prejudice, the state lawsuit concerning the same allegations. However, the Cowens' voluntary dismissal before trial simply left Kennedy as if he were never a party to the suit, with the result that collateral estoppel does not apply. *See Skelly v. Richman*, 10 Cal.App.3d 844, 89 Cal. Rptr. 556, 566 (1970); *see also Bugna v. McArthur*, 33 F.3d 1054, 1057 (9th Cir.1994) (holding that state law regarding collateral estoppel is binding on federal courts in dischargeability proceedings). The Cowens erroneously rely upon *In re Houtman*, 568 F.2d 651, 653 (9th Cir.1978), for the proposition that collateral estoppel does not apply to proceedings involving the dischargeability of

debts in bankruptcy. The Supreme Court has implicitly overruled this holding of *Houtman*. *See Grogan v. Garner*, 498 U.S. 279, 284 & n. 11, 111 S.Ct. 654, 658 & n. 11, 112 L.Ed.2d 755 (1991); *Bugna*, 33 F.3d at 1056; Barry Russell, *Bankruptcy Evidence Manual* § 33, at 77 (1997).

■ Second, Kennedy argues that the bankruptcy court used the wrong standard in concluding that a debt is non-dischargeable for fraud under 11 U.S.C. § 523(a)(2)(A) because it failed to make a specific finding of moral turpitude. We are unpersuaded. The bankruptcy court correctly applied the applicable test which requires a finding that the debtor knowingly made false representations with the intention of deceiving the creditor.[2]

■ Third, Kennedy argues that there is insufficient evidence to support a finding that he intended to deceive the Cowens. Intent to defraud is a question of fact. *In re Rubin*, 875 F.2d 755, 758 (9th Cir.1989). The bankruptcy court's factual findings are reviewed for clear error. *In re Ashley*, 903 F.2d 599, 602 (9th Cir.1990). Intent to deceive can be inferred from surrounding circumstances. *In re Kurdoghlian*, 30 B.R. 500, 502 (9th Cir. BAP 1983).

■ The BAP reviewed the record and found that the evidence was sufficient to support the bankruptcy court's factual finding on intent to deceive.

Debtor had told the Creditors that the house would be a showplace and that he wanted to give a party in the house to show it off to potential investors. The construction foreman testified that he and the other two workers ... were not qualified for the construction job. He testified that the work was "trash" compared to other custom homes.... Two expert witnesses ... testified that the quality of the workmanship on the house was poor and

---

1. We need not decide whether Kennedy had a right to a jury for any part of this proceeding, as he made no such request to the bankruptcy court.

2. The Ninth Circuit employs a five-part test for determining when a debt is non-dischargeable under § 523(a)(2)(A). The creditor must show: (1) that the debtor made the representations; (2)

that the debtor knew they were false; (3) that the debtor made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on the statements; (5) that creditor sustained damages as the proximate result of the representations. *In re Britton*, 950 F.2d 602, 604 (9th Cir.1991).

that Debtor had provided an inadequate budget for the construction of a showplace type of house.

*In re Kennedy,* BAP No. CC–92–2349–MeOPe, at 3–4 (9th Cir. BAP, Mar. 20, 1995). As the bankruptcy court's finding is supported by the record, it is not clearly erroneous.

▮ Kennedy's final argument, that there is insufficient evidence to support a finding of justifiable reliance, was raised for the first time in his reply brief, too late for consideration here. *Thompson v. Commissioner,* 631 F.2d 642, 649 (9th Cir.1980).

**AFFIRMED.**