**In the Matter of Fred VALENCIA and Victoria Louise Valencia, Debtors.**

**Fred VALENCIA, Defendant/Appellant,**

v.

**Randy LUCERO, Plaintiff/Appellee.**

**Civil Action No. 96–B–1986.**

United States District Court,
D. Colorado.

Oct. 17, 1997.

Neal Dunning, R. Scott Nelson, Denver, CO, for Plaintiff/Appellee.

Keith E. Abbott, Greeley, CO, for Defendant/Appellant.

**MEMORANDUM OPINION & ORDER**

BABCOCK, Judge.

Appellant, Fred Valencia, appeals the Bankruptcy Court's order of August 15, 1996, entering judgment in favor of Appellee, Randy Lucero. The appeal is adequately briefed, and oral argument would not aid me materially in deciding it. For the following reasons, I will affirm.

## I.

On February 1, 1995, Fred and Victoria Louise Valencia filed for joint bankruptcy protection under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301 et seq. On May 13, 1995, the Chapter 13 bankruptcy filing was converted to Chapter 7. Appellee brought a civil case against Appellant in Colorado state court. An automatic stay from the bankruptcy proceedings halted that case, and no judgment as to liability or damages has been entered in state court.

Appellee initiated an adversary action against Appellant in the United States Bankruptcy Court for the District of Colorado, seeking to have his debt declared nondischargeable and to collect damages from Appellant. On December 20, 1995, a hearing was held in the bankruptcy court, which entered judgment for the Appellee in the amount of $150,000. In addition, the bankruptcy court concluded that the debt was not dischargeable.

Appellant appealed the December 20, 1995, order to this court. Civil Action 96–B–10. I reversed the judgment and remanded the case to the bankruptcy court with instructions to hold an evidentiary hearing on damages in which Appellant could present evidence. After holding such a hearing on August 15, 1996, the bankruptcy court again entered judgment in favor of Appellee in the amount of $150,000 ($75,000 in compensatory damages and $75,000 in punitive damages). Appellant now appeals from the August 15, 1996, order and judgment.

## II.

In reviewing a bankruptcy court's decision, the district court functions as an appellate court and is authorized to affirm, reverse, modify or remand the bankruptcy court's ruling. Fed.R.Bankr.Proc. 8013. District courts review factual findings under the clearly erroneous standard while conclusions of law are reviewed de novo. In Re Unioil, 948 F.2d 678, 681 (10th Cir.1991). "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R.Bankr.P. 8013. "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed...." U.S. v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).

## III.

This appeal presents the narrow issue whether a bankruptcy court has jurisdiction to quantify damages and enter a money judgment in a dischargeability proceeding under 11 U.S.C. § 523 and 28 U.S.C. § 157(b)(1). Appellant argues that nothing in the Bankruptcy Code specifically authorizes entry of a money judgment in a dischargeability proceeding, and, therefore, it was beyond the jurisdiction of the bankruptcy court to do so. I disagree.

The persuasive weight of authority has held that bankruptcy courts have jurisdiction to quantify and enter money judgments on nondischargeable debts. In re McLaren, 3 F.3d 958, 966 (6th Cir.1993); Matter of Hallahan, 936 F.2d 1496, 1508 (7th Cir.1991); In re Fisher, 186 B.R. 70 (Bankr. E.D.Tex.1995); Harris v. United States Fire Insurance Co., 162 B.R. 466, 468–69 (E.D.Va. 1994). But see In re Thrall, 196 B.R. 959 (Bankr.D.Colo.1996) (suggesting quantification without entry of judgment). Pursuant to 11 U.S.C. § 523(c), the bankruptcy court has exclusive equitable jurisdiction to determine the dischargeability of debts under 11 U.S.C. § 523(a). Further, 28 U.S.C. § 157(b)(1) grants bankruptcy judges the power to "hear and determine all cases under title 11 and all core proceedings arising in a case under title 11, ... and [to] enter appro-

priate orders and judgments...." The determination of dischargeability of particular debts is such a core proceeding. 28 U.S.C. § 157(b)(2)(I).

Appellant argues, however, that the bankruptcy judge's power does not extend to deciding an amount of damages and entering judgment. Rather, Appellant contends the ultimate decision as to amount of damages and entry of judgment is left to the appropriate state or federal district court. I disagree.

 "It is a well-known maxim that once equitable jurisdiction has been properly invoked it will proceed to render a full and complete disposition of the controversy." *Harris, supra* at 468 (citing *Porter v. Warner Holding Co.,* 328 U.S. 395, 399, 66 S.Ct. 1086, 1089–90, 90 L.Ed. 1332 (1946)); *Fisher, supra* at 71. This rule prevents "duplication of effort, multiplicity of suits, wasted resources, and [promotes] judicial economy." *Harris, supra* at 468. Further:

> If it is acknowledged as beyond question that a complaint to determine dischargeability of a debt is exclusively within the equitable jurisdiction of the bankruptcy court, then it must follow that the bankruptcy court may also render a money judgment in an amount certain.... This is true not merely because equitable jurisdiction attaches to the entire cause of action but more importantly because it is impossible to separate the determination of the dischargeability function from the function of fixing the amount of nondischargeable debt.

*In re Devitt,* 126 B.R. 212, 215 (Bankr.D.Md. 1991). For these reasons, I am persuaded that the bankruptcy court had jurisdiction to fix damages and enter judgment in favor of Appellee.

There being no other bases for Appellant's appeal, it is **ORDERED** that:

1. The order and judgment of the bankruptcy court is **AFFIRMED**.