In re Max Alexander **HEIDENREICH,**
Debtor.

**BUILDERS STEEL CO., INC.,**
**et al., Plaintiff,**

v.

Max Alexander **HEIDENREICH,**
Defendant.

**Bankruptcy No. 89–01123–M.**
**Adversary No. 89–0233–M.**

United States Bankruptcy Court,
N.D. Oklahoma.

Jan. 15, 1998.

---

Ron Goins, Tulsa, OK, for Plaintiff.

Steven M. Harris, Douglas R. Haughey, Tulsa, OK, for Defendant.

## MEMORANDUM OPINION

TERRENCE L. MICHAEL, Bankruptcy Judge.

THIS MATTER comes before the Court pursuant to the Motion and Brief to Vacate Void Judgment (the "Motion to Vacate") filed by Max Alexander Heidenreich, Defendant herein ("Heidenreich"). For the reasons set forth below, the Motion to Vacate is denied. In addition, based upon admissions contained in the proposed pretrial order submitted to the Court, Heidenreich has been accorded the relief which he has sought from the Court pursuant to the Motion for an Accounting ("the Accounting Motion"), filed in this adversary proceeding on October 7, 1997. Accordingly, this Court will, on its own motion, strike as moot the trial currently scheduled for January 16, 1998, on the Accounting Motion.

### Background

This adversary proceeding was filed by Plaintiffs Builders Steel Co., Inc., Commercial Ceiling and Drywall, Inc., and Gaines Plumbing and Piping Co. (hereafter collectively referred to as "Builders Steel"), seeking a determination that certain debts owed to Builders Steel were non-dischargeable pursuant to 11 U.S.C. § 523(a)(4), and seeking a judgment for the amounts found to be non-dischargeable. Heidenreich denied the allegations of Builders Steel. A Pre–Trial Order was submitted by the parties and filed in this action on March 6, 1990. *Docket No. 28.* The case was tried to the Court on March 12, 1990. At the conclusion of the

trial, the Court entered its oral ruling in favor of Builders Steel from the bench, and reduced the same to a written judgment on March 26, 1990. *Docket Nos. 28M and 35.* The Court entered judgment in favor of Builders Steel in the aggregate amount of $81,409.87, plus attorneys' fees and costs to be determined upon further hearing. *Docket No. 35.*[1] On April 18, 1990, the Court entered its order awarding Builders Steel the sum of $19,006.50 in fees and costs, plus $60.00 for additional witness fees. *Docket No. 48.* Both the initial judgment and the order allowing fees were appealed by Heidenreich, first to the United States District Court for the Northern District of Oklahoma, and then to the United States Court of Appeals for the Tenth Circuit, without success.

On October 7, 1997, Heidenreich filed the Accounting Motion, which contained the following prayer for relief:

> WHEREFORE, the Defendant, Max Alexander Heidenreich, prays that the Court enter an Order requiring the Plaintiffs to provide the Defendant with an accounting as to the total balance due and owing on the separate judgments entered herein against the Defendant.

*Docket No. 184.* In the proposed Pre–Trial Order submitted to the Court, the parties agree that Builders Steel has supplied two separate accountings to Heidenreich, neither of which met with his satisfaction.[2]

On January 8, 1998, Heidenreich filed the Motion to Vacate, alleging that the March 26, 1990, Order should be vacated on the ground that this Court lacks jurisdiction to enter a judgment for a sum certain in a dischargeability proceeding. Heidenreich requests that this issue be included in the January 16, 1998, trial. Since the Motion to Vacate raises only legal and not factual issues, a hearing on the same is not required. The Court has also determined that oral argument would not be of assistance in deciding the Motion to Vacate.

---

1. Judgment was entered in a separate amount for each plaintiff.

2. For the reasons set forth herein, the Court has declined to execute the proposed Pre–Trial Order. However, so that the record may be clear, the Court will direct the Clerk to file the same in this adversary proceeding.

## The Motion to Vacate

█ In support of his position, Heidenreich relies on a decision from the United States Bankruptcy Court for the District of Colorado, *In re Thrall,* 196 B.R. 959 (Bankr. D.Colo.1996) (hereafter *"Thrall"*). Such reliance is wholly misplaced. *Thrall* has been effectively reversed by the United States District Court for the District of Colorado by *In re Valencia,* 213 B.R. 594 (D.Colo.1997) (hereafter *"Valencia"*). In *Valencia,* the district court expressly ruled that bankruptcy courts have jurisdiction to enter monetary judgments in adversary proceedings to determine the dischargeability of a particular debt, a ruling which is directly contrary to *Thrall* and which eliminates any precedential or persuasive value which *Thrall* may have had.[3]

This Court firmly believes that it had and continues to have jurisdiction to enter monetary judgments in adversary proceedings brought to determine the dischargeability of debts, and adopts *in toto* the following analysis of the Honorable Dana L. Rasure in a recent unpublished decision:

Debtor cites *First Omni Bank, N.A. v. Thrall (In re Thrall)* 196 B.R. 959, 962–73 (Bankr.D.Colo.1996) (hereinafter, *"Thrall"*), in support of his Motion. In *Thrall,* the court held that bankruptcy courts lack jurisdiction to enter money judgments in connection with dischargeability proceedings. Although the court in *Thrall* made a well-reasoned argument in support of its position, the decision espouses a minority view.

Other courts, including the United States Courts of Appeals for the Second, Sixth, Seventh, and Ninth Circuits, have held that a bankruptcy court has jurisdiction to enter a money judgment against a debtor in connection with a dischargeability action. *See Cowen v. Kennedy (In re Kennedy),* 108 F.3d 1015, 1017–18 (9th Cir. 1997); *Porges v. Gruntal & Co., Inc. (In re Porges),* 44 F.3d 159, 165–65 (2nd Circ.[Cir.]1995); *Longo v. McLaren (In re McLaren),* 3 F.3d 958, 965–66 (6th Cir.

1993); *N.I.S. Corp. v. Hallahan (In re Hallahan),* 936 F.2d 1496, 1507–08 (7th Cir.1991). Courts have reasoned that the equitable jurisdiction of the bankruptcy court which indisputably extends to determination of the dischargeability of a debt cannot be separated from "the function of fixing the amount of the nondischargeable debt." *Snyder v. Devitt (In re Devitt),* 126 B.R. 212, 215 (Bankr.D.Md.1991), *cited with approval in Cowen v. Kennedy,* 3 [108] F.3d at 1017–18 *and Longo v. McLaren,* 3 F.3d at 966. Other courts have recognized that the bankruptcy court's jurisdiction to enter money judgments in connection with dischargeability proceedings is in accord with the "rule generally followed by courts of equity that having jurisdiction of the parties to controversies brought before them, they will decide all matters in dispute and decree complete relief." *N.I.S. Corp. v. Hallahan,* 936 F.2d at 1508, *quoting Alexander v. Hillman,* 296 U.S. 222, 242 [56 S.Ct. 204, 211, 80 L.Ed. 192] (1935). This Court declines to adopt the minority position which would limit the jurisdiction of the bankruptcy court and would create piecemeal litigation in multiple forums for parties seeking a complete resolution of their dispute.

*Valley National Bank, Plaintiff, v. Chase Robert Bales, Defendant,* Adv. No. 97–0271–R (November 28, 1997 Order) (footnote omitted). As a result, the Motion to Vacate must be denied.

## The Accounting Motion

█ In the Accounting Motion, Heidenreich requested that this Court order Builders Steel "to provide the Defendant with an accounting as to the total balance due and owing on the separate judgments entered herein against the Defendant." According to admissions contained in the proposed pretrial order, Builders Steel has provided two separate accountings to Heidenreich since the Accounting Motion was filed. Apparently unsatisfied, Heidenreich has asked for far

---

3. Interestingly, Heidenreich noted the *Valencia* decision in the Motion to Vacate, but failed to point out its effect with respect to *Thrall.*

greater relief in the proposed pretrial order. He asks this Court to try issues related to the validity of the original judgment and the award of attorneys' fees, whether one or both of those orders is subject to collateral attack, whether limitations should be placed on the collection efforts of Builders Steel based upon various legal theories, and various other matters. These issues are all outside the scope of relief requested in the Accounting Motion. In the proposed pretrial order, Builders Steel indicated its opposition to the inclusion of these issues, noting that they are "not within the scope of Defendant's Motion for an Accounting or Motion to Vacate Judgment."

Under the rules of pleading which govern this Court, a motion, whether filed as a contested matter or in an adversary proceeding, *must* "set forth the relief or order sought." Bankruptcy Rule 9013; Bankruptcy Rule 7007; Federal Rule of Civil Procedure 7(b)(1). The purpose of such a requirement is to ensure that the party against whom relief is sought has notice of the same. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 1191, 1192 (2d ed.1990). This Court firmly believes that the purpose of a pre-trial order is to narrow, not broaden, the issues to be tried. *Morro v. City of Birmingham,* 117 F.3d 508, 514–515 (11th Cir.1997) (Purpose of pretrial orders is to narrow the issues, especially considering the general practice in civil litigation of "shotgun notice pleading."); *United States v. American Telephone & Telegraph Co.,* 461 F.Supp. 1314, 1352 (D.D.C.1987) ("[P]retrial orders will successively narrow the subject matter...."). The proposed pretrial order presented to the Court and signed by the parties establishes that Builders Steel has provided two separate accountings to Heidenreich. The only relief Heidenreich requested in the Accounting Motion was to be provided such an accounting. The Court declines to expand the requested relief beyond the scope of the pleadings through execution of the pretrial order. Having obtained the relief requested, the Accounting Motion is moot. Accordingly, the January 16, 1998, trial on the Accounting Motion is hereby stricken.[4]

A separate Order in accordance with this Memorandum Opinion is entered concurrently herewith.

### ORDER DENYING MOTION TO VACATE VOID JUDGMENT AND STRIKING JANUARY 16, 1998 TRIAL

THIS MATTER comes before the Court pursuant to the Motion to Vacate Void Judgment (the "Motion to Vacate") and the Motion for an Accounting (the "Accounting Motion") filed by Max Alexander Heidenreich, Defendant herein. The issues having been duly considered and a decision having been duly rendered, for the reasons set forth in the Memorandum Opinion filed concurrently herewith,

IT IS HEREBY ORDERED that the Motion to Vacate filed by Max Alexander Heidenreich be, and the same hereby is, denied.

IT IS FURTHER ORDERED that the Motion for an Accounting filed by Max Alexander Heidenreich be, and the same hereby is, denied as moot.

IT IS FURTHER ORDERED that the trial on the Motion for an Accounting filed by Max Alexander Heidenreich scheduled for January 16, 1998, be, and the same hereby is, stricken.

---

**4.** The Court does not mean to say that Heidenreich is forever precluded from contesting either or both of the accountings he received. In order to do so before this Court, Heidenreich must file the appropriate motion which details the alleged deficiencies in the accounting, and state with particularity the relief sought. If the issue is mathematical in nature, the parties can expect this Court to order a settlement conference prior to any judicial proceedings to resolve the dispute.