**In re John Joseph HAMILTON, Debtor.**

**Porter Capital Corporation, Plaintiff,**

v.

**John Joseph Hamilton, Defendant.**

**Bankruptcy No. 00–17945–BH.**
**Adversary No. 01–1015–BH.**

United States Bankruptcy Court,
W.D. Oklahoma.

Aug. 6, 2002.

John D. Stiner, McAfee & Taft, Oklahoma City, Oklahoma, for plaintiff.

Jay F. McCown, Quick & McCown, P.C., Oklahoma City, Oklahoma, for defendant.

*MEMORANDUM OF DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE JUDGMENT AND ALLOWING ITS MOTION FOR RELIEF FROM THE AUTOMATIC STAY*

RICHARD L. BOHANON, Bankruptcy Judge.

This matter is before the Court on the Plaintiff's motion to amend the judgment

entered on its complaint [1], or in the alternative, to modify the automatic stay. The Defendant objects, arguing that the evidence at trial was insufficient to establish the amount of the debt.

For reasons explained below, the Court denies the Plaintiff's request to amend the judgment but grants its request for relief from the automatic stay to allow it to pursue its state law remedies.

### Background

Following a trial, the Court entered a memorandum and judgment in favor of the Plaintiff concluding that the Defendant's debt to the Plaintiff was excepted from his discharge pursuant to 11 U.S.C. § 523(a)(2)(A). The judgment specified only that the debt was excepted from the discharge and did not seek to award the Plaintiff any sum of money. The Plaintiff now asks the Court to amend the judgment to grant it a judgment for the amount of the debt, or in the alternative, to modify the automatic stay so it may pursue a state court action to seek to collect the debt.

### Discussion

■ This case raises the question of whether bankruptcy courts have power to enter money judgments when they have determined debts are excepted from the discharge. After a thorough review of the jurisprudence, the Court concludes they do not have that power.

### I. Division Among the Courts

Most of the published decisions addressing this issue conclude that bankruptcy courts do have power to enter money judgments on non-dischargeable debts. *See e.g., Longo v. McLaren (In re McLaren)*, 3 F.3d 958 (6th Cir.1993); *N.I.S. Corp. v. Hallahan (In re Hallahan)*, 936 F.2d 1496 (7th Cir.1991); *Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015 (9th Cir.1997); *Valencia v. Lucero (In re Valencia)*, 213 B.R. 594 (D.Colo.1997); *Hixson v. Hixson (In re Hixson)*, 252 B.R. 195 (Bankr. E.D.Okla.2000). *See also*, Ralph Brubaker, *On the Nature of Federal Bankruptcy Jurisdiction: A General Statutory and Constitutional Theory*, 41 Wm. & Mary L.Rev. 743, 916–17 (March 2000). These courts rely on nebulous theories of judicial economy and the bankruptcy courts' inherent power of equity and are not grounded on any statutory grant of authority.

Other courts, adopting a limited approach concerning bankruptcy courts' power, have concluded that they do not have power to enter money judgments on non-dischargeable debts. *See First Omni Bank, N.A. v. Thrall (In re Thrall)*, 196 B.R. 959 (Bankr.D.Colo.1996) (Krieger, J). *See also, Barrows v. Illinois Student Assistance Comm'n (In re Barrows)*, 182 B.R. 640, 653 (Bankr.D.N.H.1994) ("[O]nce a nondischargeability determination is made with regard to educational loans ... the entry of any money judgment and any repayment terms should be left to the affected parties in the first instance, and, if enforcement is required ... should be left to a court of competent jurisdiction as would have occurred had there been no bankruptcy."). *See also, Eckel v. Narciso (In re Narciso)*, 146 B.R. 792, 793 (Bankr. E.D.Ark.1992) (concluding that only the district court could enter a money judgment). These courts conclude either that entry of a money judgment is outside the scope of the bankruptcy courts' jurisdiction or that awards of monetary damages raise other issues appropriate only in a non-bankruptcy forum. *See In re Thrall*, 196 B.R. at 963–64.

---

**1.** The motion is made pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure which applies Rule 52(b) of the Federal Rules of Civil Procedure.

In this Circuit, the bankruptcy courts are divided. *Compare In re Hixson*, 252 B.R. at 198–99, *and Builders Steel Co., Inc. v. Heidenreich (In re Heidenreich)*, 216 B.R. 61, 63 (Bankr.N.D.Okla.1998), *with In re Thrall*, 196 B.R. at 962–73. Furthermore, there is no. published decision from the Bankruptcy Appellate Panel or the Court of Appeals for the Tenth Circuit addressing this issue.[2]

## II. The Limited Jurisdiction Approach

*In re Thrall* is the definitive decision from the line of cases adopting the limited approach. In a sound, well-articulated, convincing opinion, Judge Krieger concludes that while bankruptcy courts have power under the Code to decide dischargeability complaints, they have no power to enter money judgments. She examines the Bankruptcy Code and Federal Rules of Bankruptcy Procedure and concludes that neither of them authorizes entry of money judgments by bankruptcy courts. *See In re Thrall*, 196 B.R. at 965.

Next, Judge Krieger compares the Code to the former Bankruptcy Act ("Act") and notes that the Code provides only for a determination of dischargeability. On the other hand, she shows that the Act did expressly empower bankruptcy courts to enter money judgments.

Consequently, Judge Krieger concludes that Congress intended for bankruptcy courts not to have the power to enter money judgments and that the bankruptcy courts may only determine whether debts are dischargeable under narrow exceptions. Since bankruptcy courts are limited only to deciding the dischargeability issues, not all possible parties, causes of action, claims, or defenses are implicated. In other words:

> Determination of dischargeability of a debt is a limited function under the Code. It only defines the scope of discharge and does not substitute for a full and complete determination of all claims and defenses which can be asserted under non-bankruptcy law.

*Id.* at 968.

## III. The Expansive Approach

An often expressed reason for permitting entry of money judgments is that dischargeability complaints invoke the "equitable jurisdiction" of the bankruptcy courts. Under an old maxim, once equitable jurisdiction is properly invoked, the court is to render a decision that resolves the dispute in its entirety. *See In re Valencia*, 213 B.R. at 596 (disagreeing with *In re Thrall* and adopting the expansive approach). *See also, In re Hixson*, 252 B.R. at 198 (citing numerous cases for the proposition that bankruptcy courts' equitable jurisdiction extends to entry of money judgments).

■ Another argument advanced by the courts adopting the expansive approach is that it is wasteful to require creditors to ask non-bankruptcy courts to liquidate debts upon which bankruptcy courts have already rendered decisions. *See In re Valencia*, 213 B.R. at 596. This argument, however, does nothing to negate that the plain meaning of the Code and the Rules does not provide for entry of money judgments by bankruptcy courts. This Court

---

**2.** The Court recognizes that the Court of Appeals for the Tenth Circuit has affirmed the judgment of a bankruptcy court that included a money judgment. *See Samuel v. Edd*, 1992 WL 86698, *2 (10th Cir.) (unpublished opinion). However, that case is factually distinguishable because there the creditor already held a state court money judgment and the bankruptcy court merely reiterated the amount of the award. Also, the Tenth Circuit did not reach the issue of whether bankruptcy courts, on their own, can enter money judgments on dischargeability complaints.

has long recognized that, except in case of an absurd result, Supreme Court decisions require bankruptcy courts to apply the plain meaning of statutes despite any "unwelcome" results. *See In re Horwitz,* 167 B.R. 237, 242 (Bankr.W.D.Okla.1994). "Congress is the exclusive power for altering the statute." *Id.*

Additionally, "[t]o continue past practice impermissibly enlarges the power granted to this Court, ignores the special, limited role of this Court in the federal system and vis-a-vis the state legal system, and potentially deprives litigants of a full and fair opportunity to have the enforceability of their claims and defenses comprehensively determined." *In re Thrall,* 196 B.R. at 972.

■■■ Under the Constitution and by statute, all federal courts, including bankruptcy courts, are courts of limited jurisdiction. *See* E. Scott Fruehwald, *The Related To Subject Matter Jurisdiction of Bankruptcy Courts,* 44 Drake L.Rev. 1, 29 (1995). *See also, Bass v. Denney (In re Bass),* 171 F.3d 1016, 1022 (5th Cir.1999) (citing *Celotex Corp. v. Edwards,* 514 U.S. 300, 307, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995)). Their jurisdiction needs to be limited to assure that the critical balance between the state and national governments is maintained. In other words:

> Because ... it would not simply be wrong but indeed would be an unconstitutional invasion of the powers reserved to the states if the federal courts were to entertain cases not within their jurisdiction, the rule is well settled that the party seeking to invoke the jurisdiction

of a federal court must demonstrate that the case is within the competence of that court. *The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject-matter exists.*

13 Wright, Miller, & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* (1984) § 3522 at 61–2 (emphasis added).

In 28 U.S.C. § 1334, Congress granted bankruptcy courts the power to determine issues of dischargeability because they are complaints arising in or relating to the bankruptcy case. *See* 28 U.S.C. § 157(b). However, in conferring this grant of jurisdiction, Congress stopped short of going on to say that bankruptcy courts can enter money judgments on debts excepted from the discharge.

What is also an important issue is that there are serious questions whether the bankruptcy courts have fundamental subject-matter jurisdiction to enter money judgments on non-dischargeable debts.[3] *See,* Brubaker, *supra,* at 912 ("Such a request is purely a state-law claim to which the federal bankruptcy estate is not a party."). It is unnecessary, however, to reach that issue in this case, since the Code simply doesn't seek to confer any such jurisdiction on the bankruptcy courts.

### Conclusion

In conclusion, this Court's examination of the Code, Rules and jurisprudence leads it to hold that it does not have the power to enter a money judgment on the Plaintiff's complaint. Now that its debt has been excepted from the discharge, the

---

**3.** It has been noted that "even the United States Supreme Court has assumed that jurisdiction exists for a bankruptcy court to enter a money judgment." *Heckert v. Dotson (In re Heckert),* 226 B.R. 558, 563 n. 5 (S.D.W.Va. 1998) (citing *Cohen v. de la Cruz,* 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998)).

This is a bold assumption, considering that the present issue was not before the Supreme Court. This Court declines to "assume" from *Cohen* that the Supreme Court intended to hold that bankruptcy courts have authority to enter money judgments.

Plaintiff must look to non-bankruptcy courts to quantify its debt.

Accordingly, the Plaintiff's motion to amend the judgment is denied, and its motion to modify the automatic stay to pursue its state law remedies is granted.