In re Christopher Karl **RIDSDALE** former Vice President of Coldale Enterprise, Inc., Debtor.

**Hi–Qual Roofing & Siding Materials, Inc., Plaintiff,**

v.

**Christopher Karl Ridsdale, a/k/a Chris Ridsdale, personally and as the former Vice President of Coldale Enterprises, Inc., Defendant.**

**In re Richard F. Collins, Debtor.**

**Hi–Qual Roofing & Siding Materials, Inc., Plaintiff,**

v.

**Richard F. Collins, personally and as the former president of Coldale Enterprises, Inc., aka Rick Collins, Defendant.**

**Bankruptcy Nos. 00–21154 N, 00–11547 K. Adversary Nos. 00–2165 K, 00–1208 K.**

United States Bankruptcy Court, W.D. New York.

Oct. 24, 2002.

David D. MacKnight, Esq., Lacy, Katzen, Ryen & Mittleman, LLP, Rochester, NY, for Defendants.

Andrew J. Romanow, Esq., Harris Beach, LLP, Pittsford, NY, for Plaintiffs.

MICHAEL J. KAPLAN, Bankruptcy Judge.

By separate decision, the Court has declared a $104,728.08 liability to be non-dischargeable in this case.

The Court writes separately as to the award of a money judgment, solely to address what this writer respectfully submits is a misinformed line of cases to the effect that a bankruptcy court lacks jurisdiction to enter money judgment on a non-dischargeable debt.[1]

Such cases are based on the premise that "The Code and Rules do not authorize entry of a money judgment on a nondischargeable debt."[2]

I respectfully differ. The Advisory Committee on Bankruptcy Rules very clearly spoke to this matter in 1979 in the all-but-forgotten "Interim Bankruptcy Rules and Forms." The Committee Note to Interim Rule 4003 stated that former Rule 409(b) and (c) "are unnecessary because of the expanded jurisdiction of the Bankruptcy Court and preservation of

right to trial by jury where allowed by statute." Interim Bankruptcy Rules and Forms Manual (Callaghan & Company, 1979) drafted by the Advisory Committee on Bankruptcy Rules of the Judicial Conference of the United States.

It was on that basis that the Supreme Court and Congress have repeatedly approved the successor Rule (Rule 4007) without the need for explicit authority to enter a money judgment.

This writer knows of nothing in the 1984 jurisdictional changes to address the *Marathon* ruling, that would change that result.

Thus, the Clerk shall enter judgment against each Defendant and in favor of the Plaintiff for $104,728.08.

SO ORDERED.

---

**1.** See *First Omni Bank, N.A. v. Thrall (In re Thrall)*, 196 B.R. 959 (Bankr.D.Colo.1996), *Porter Capital Corp. v. Hamilton (In re Hamilton)* 282 B.R. 22 (Bankr.W.D.Okla.2002), *Barrows v. Illinois Student Assistance Comm'n (In re Barrows)*, 182 B.R. 640 (Bankr.D.N.H. 1994), *Eckel v. Narciso (In re Narciso)*, 146 B.R. 792 (Bankr.E.D.Ark.1992).

**2.** *Thrall*, at 964 and *Hamilton* at 24–25.