In re Michael P. FRIEDMAN, Debtor.

Lorraine Baker, Plaintiff,

v.

Michael P. Friedman, Defendant.

Bankruptcy No. 02–13038–JNF.
Adversary No. 02–1323.

United States Bankruptcy Court,
D. Massachusetts.

Oct. 3, 2003.

William G. Billingham, Billingham & Marzelli, Marshfield, MA, for Plaintiff.

Timothy M. Mauser, Mauser & Mauser, Boston, MA, for Defendant/Debtor.

## MEMORANDUM

JOAN N. FEENEY, Chief Judge.

The matter before the Court is the "Defendant's Motion to Dismiss or in the Alternative, pursuant to Rule 9023 F.R. Civ. P. [sic] and Rule 59(e) F.R. Civ. P. to Amend and/or Alter Judgment." Pursuant to his Motion, the Defendant, Michael P. Friedman ("Friedman"), formulates the following requests:

> dismiss so much of the Plaintiff's claim against him as seeks a money judgment and, alternatively, that this Court strike from its judgment anything other than its determination that the claimed debt is not dischargeable because a claim for a money judgment under 11 U.S.C. § 523 is beyond the jurisdiction of the Court. In the alternative, the Defendant moves this Court amend and/or later its judgment dated September 11, 2003 in the instant case by omitting so much of its judgment as includes a money judgment for a sum certain for the Plaintiff.

The Plaintiff, Lorraine Baker ("Baker"), filed an Opposition to Friedman's Motion.

In his Motion, Friedman, citing, *inter alia, American Express Centurion Bank v. Losanno (In re Losanno),* 291 B.R. 1 (Bankr.D.Mass.2003); *Porter Capital Corp. v. Hamilton (In re Hamilton),* 282 B.R. 22 (Bankr.W.D.Okla.2002); and *First Omni Bank, N.A. v. Thrall (In re Thrall),* 196 B.R. 959 (Bankr.D.Colo.1996), argues that it was error for this Court to enter a judgment in the sum of $1.1 million against Friedman when in Count IX of her Complaint she sought an adjudication of the amount of her debt in the sum of $444,529.70 because this Court lacks the authority to enter a money judgment.

The issue of whether bankruptcy courts have authority to enter money judgments has divided bankruptcy courts. In *Hamilton*, the bankruptcy court labeled the two approaches that have been adopted as the "expansive approach,"[1] and the "limited jurisdiction approach." It criticized the decisions adopting the expansive approach, stating that they rely on "nebulous theories of judicial economy" and the bankruptcy courts' "inherent power of equity." It held, as did Bankruptcy Judge Hillman in *Losanno*, that bankruptcy courts lack authority to enter money judgments in dischargeability proceedings. Nevertheless, the court in *Hamilton* recognized that "[m]ost of the published decisions addressing this issue conclude that bankruptcy courts do have power to enter money judgments on non-dischargeable debts." 282 B.R. at 23.

In *Lang v. Lang (In re Lang)*, 293 B.R. 501 (10th Cir. BAP 2003), the Bankruptcy Appellate Panel for the Tenth Circuit considered a debtor's argument that the bankruptcy judge erred in awarding damages in an action under 11 U.S.C. § 523(a). In finding jurisdiction for the entry of money judgments by bankruptcy courts, it noted that "all circuit courts that have addressed the issue have concluded that bankruptcy courts do have jurisdiction to enter money judgments." 293 B.R. at 516. It cited decisions from the Second, Sixth, Seventh,

and Ninth Circuits. *See Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 1017 (9th Cir.1997) ("Congress has prescribed that bankruptcy courts 'may hear and determine ... all core proceedings ... and may enter appropriate orders and judgments.' 28 U.S.C. § 157(b)(1). Actions seeking a determination that a debt is not dischargeable in bankruptcy are core proceedings. 28 U.S.C. § 157(b)(2)(I)."); *Porges v. Gruntal & Co. (In re Porges)*, 44 F.3d 159, 164 (2d Cir.1995) ("[t]he entry of a money judgment ... finds support in the bankruptcy court's inherent equitable powers."); *Longo v. McLaren (In re McLaren)*, 3 F.3d 958, 966 (6th Cir.1993)(finding that because a bankruptcy court is a court of equity it may resolve matters in dispute and give complete relief because the parties have subjected themselves to all the consequences that attach to an appearance); and *N.I.S. Corp. v. Hallahan (In re Hallahan)*, 936 F.2d 1496, 1508 (7th Cir. 1991) (same).[2] The court in *Lang* concluded that "under the broad congressional grant of jurisdiction given to bankruptcy courts under 28 U.S.C. § 157, bankruptcy courts have the jurisdiction to award money damages in a § 523(a) proceeding." 293 B.R. at 517 (footnote omitted).

The Bankruptcy Appellate Panel for the Tenth Circuit also cited with approval *Hi–Qual Roofing & Siding Materials, Inc. v. Ridsdale (In re Ridsdale)*, 286 B.R. 238

---

1. The court in *Hamilton* cited the following cases as having adopted the expansive approach: *Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015 (9th Cir.1997); *Longo v. McLaren (In re McLaren)*, 3 F.3d 958 (6th Cir.1993); *N.I.S. Corp. v. Hallahan (In re Hallahan)*, 936 F.2d 1496 (7th Cir.1991); *Hixson v. Hixson (In re Hixson)*, 252 B.R. 195 (Bankr. E.D.Okla.2000); and *Valencia v. Lucero (In re Valencia)*, 213 B.R. 594 (D.Colo.1997).

2. The court in *Lang* also cited the following decisions in support of its conclusion that bankruptcy courts have jurisdiction to enter money judgments: *Valencia v. Lucero (In re*

*Valencia)*, 213 B.R. 594 (D.Colo.1997) (arguably overruling *Thrall* when it concluded that a bankruptcy court has jurisdiction to quantify damages and enter a money judgment in dischargeability proceeding); *Boucher v. McCarter (In re McCarter)*, 289 B.R. 759, 762–63 (Bankr.D.N.M.2002) (stating that bankruptcy courts have the jurisdiction to award money damages); *Hixson v. Hixson (In re Hixson)*, 252 B.R. 195, 198 (Bankr.E.D.Okla. 2000) (same); *Builders Steel Co. Inc. v. Heidenreich (In re Heidenreich)*, 216 B.R. 61, 63 (Bankr.N.D.Okla.1998) (same).

(Bankr.W.D.N.Y.2002), in which the bankruptcy court, in the panel's words, "found evidence in the Interim Bankruptcy Rules and Forms that disputes *[In re Thrall]* *Thrall's*[, 196 B.R. 959 (Bankr.D.Colo. 1996)] underlying premise." 293 B.R. at 517 n. 17. The court in *Ridsdale* stated:

> The Advisory Committee on Bankruptcy Rules very clearly spoke to this matter in 1979 in the all-but-forgotten "Interim Bankruptcy Rules and Forms." The Committee Note to Interim Rule 4003 stated that former Rule 409(b) and (c) "are unnecessary because of the expanded jurisdiction of the Bankruptcy Court and preservation of right to trial by jury where allowed by statute." Interim Bankruptcy Rules and Forms Manual (Callaghan & Company, 1979) drafted by the Advisory Committee on Bankruptcy Rules of the Judicial Conference of the United States.

> It was on that basis that the Supreme Court and Congress have repeatedly approved the successor Rule (Rule 4007) without the need for explicit authority to enter a money judgment.

> This writer knows of nothing in the 1984 jurisdictional changes to address the *Marathon* ruling, that would change that result.

286 B.R. at 239.

■■■■ Having reviewed the decisions cited by the parties, as well as the circuit court decisions, this Court concludes that bankruptcy courts have jurisdiction to enter money judgments. Section 157(b) of Title 28 expressly provides that "bankruptcy judges may hear and determine ... all core proceedings ... and may enter appropriate ... judgments." In addition, although disparaged by the court in *Hamilton*, entry of money judgments promotes judicial economy and enables creditors to liquidate their claims for purposes of distribution. For example, in this case, the parties' agreement easily permitted a determination of Baker's damages. Requiring Baker to institute an action in the state court and to suffer delays incident to an action to obtain a money judgment would be a waste of time, money, and judicial resources. Plaintiffs who have suffered losses as a result of a debtor's misconduct should not be required to bear the costs incident to two proceedings, one in the bankruptcy court and another in the state court. To impose such a requirement simply makes it more likely that some deserving plaintiffs will be unable to obtain the relief they seek simply because of lack of funds.

This Court's finding that it has jurisdiction to enter a money judgment is also supported by the necessity of liquidating claims for purposes of distribution in all but no asset cases. Although actions under § 523(c) frequently arise in Chapter 7 cases in which the Trustee files a Report of No Distribution this is not always the case. Complaints under § 523(c) may be filed in Chapter 7 cases in which there will be a dividend, as well as in Chapter 11 cases. Accordingly, "the functions of determining the dischargeability of a debt and fixing the amount of the nondischargeable debt cannot be separated." *See Kennedy*, 108 F.3d at 1017–18 (citing *Snyder v. Devitt (In re Devitt)*, 126 B.R. 212, 215 (Bankr.D.Md.1991))("If it is acknowledged as beyond question that a complaint to determine dischargeability of a debt is exclusively within the equitable jurisdiction of the bankruptcy court, then it must follow that the bankruptcy court may also render a money judgment in an amount certain without the assistance of a jury. This is true not merely because equitable jurisdiction attaches to the entire cause of action but more importantly because it is impossible to separate the determination of dischargeability function from the func-

tion of fixing the amount of the nondischargeable debt.").

In accordance with the foregoing, the Court shall enter an order denying Friedman's motion.