MEMORANDUM **
Russell D. Ward, a Chapter 7 debtor, appeals pro se from the Bankruptcy Appellate Panel’s (“BAP”) order affirming the bankruptcy court’s summary judgment that Ward’s debt to the Paul Revere Life Insurance Company (“Paul Revere”) was nondischargeable under 11 U.S.C. § 523(a)(2). We have jurisdiction under 28 U.S.C. § 158(d). We review decisions of the BAP de novo, and apply the same standard of review that the BAP applied to the bankruptcy court’s ruling. See Boyajian v. New Falls Corp. (In re Boyajian), 564 F.3d 1088, 1090 (9th Cir.2009). We review de novo the bankruptcy court’s decision to grant summary judgment, id., and we affirm.
Contrary to Ward’s contention, “the Bankruptcy Court has jurisdiction to enter a monetary judgment on a disputed state law claim in the course of making a determination that a debt is nondischargeable.” Sasson v. Sokoloff (In re Sasson), 424 F.3d 864, 868 (9th Cir.2005) (internal citation omitted); see 28 U.S.C. § 157(b)(2)(I)-(J) (stating that core proceedings include determinations as to the *181 dischargeability of debts and objections to discharges).
The bankruptcy court properly granted summary judgment because Ward failed to raise a triable issue as to whether he intentionally made materially false statements regarding the declared income on which Paul Revere reasonably relied in calculating Ward’s disability payments. See 11 U.S.C. § 523(a)(2)(B) (outlining elements of fraud for exceptions to discharge).
Ward’s contention that Paul Revere’s action was time-barred is unpersuasive because he failed to raise a triable issue as to whether Hope Troilo’s declarations established that Paul Revere was unaware of Ward’s misrepresentations and criminal collusion until 2001, well before the three-year statute of limitations had expired. See CaLCode of Civil Procedure § 338(d) (“The cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.”).
The bankruptcy court did not abuse its discretion by overruling Ward’s objection to Troilo’s declarations because the declarations established that Troilo was familiar with the contents of Ward’s claim file. See Fed.R.Evid. 803(6) (requiring custodian or other qualified witness to authenticate records); United States v. Ray, 930 F.2d 1368, 1370 (9th Cir.1990) (“A qualified witness can be anyone who understands the record-keeping system involved.”).
Contrary to Ward’s contention, he was not denied his opportunity for de novo review by the district court because he elected to appeal to the BAP. Ward could have appealed the bankruptcy court’s judgment to the district court if he had so elected under 28 U.S.C. § 158(c)(1)(A).
Ward’s contention that he was im-permissibly denied a trial by jury is unavailing because he voluntarily invoked the equitable claim resolution procedures of bankruptcy when he filed his underlying bankruptcy case. See Cowen v. Kennedy (In re Kennedy), 108 F.3d 1015, 1017-18 (9th Cir.1997) (“[T]he bankruptcy court may also render a money judgment in an amount certain without the assistance of a jury.”).
The record belies Ward’s contention that Paul Revere added new theories of fraud in its motion for summary judgment.
Ward’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.