In re Robbie McCARTER and Melissa McCarter, Debtors.

Neal Boucher, Mariano Decola and Mariano Cappeli, Plaintiffs,

v.

Robbie McCarter, Defendant and Third–Party Plaintiff,

v.

Bar W Motor Company, LLC, J.A. Whittenburg III, and Peter White, Third–Party Defendants.

Bankruptcy No. 7–02–11549 MA. Adversary No. 02–1136 M.

United States Bankruptcy Court, D. New Mexico.

Nov. 1, 2002.

---

22. *See* 28 U.S.C. § 157(c)(1).

Christopher J. DeLara, Douglas R Vadnais, Albuquerque, NM, for creditors.

Diane P. Webb, Albuquerque, NM, for debtor.

### ORDER GRANTING MOTION TO DISMISS THIRD PARTY COMPLAINT

MARK B. MCFEELEY, Bankruptcy Judge.

THIS MATTER came before the Court on the Motion to Dismiss Third Party Complaint ("Motion") filed by Third–Party Defendants Bar W Motor Company, LLC, J.A. Whittenburg III, and Peter White (together, "Third–Party Defendants" or "Bar W"), by and through their counsel of record, Jacobvitz, Thuma & Walker, a Professional Corporation (David T. Thuma). The Court held a final hearing on the Motion on October 17, 2002, at which time the Court took the matter under advisement. On the same day as the final hearing, Third–Party Defendants filed a Supplement to Motion to Dismiss Third Party Complaint ("Supplement"), asserting that Defendant/Third–Party Plaintiff has no standing to assert his claims against the Third–Party Defendants because the claims are owned by the bankruptcy estate. After considering the Motion, the

Supplement, and the arguments of counsel, and being otherwise fully informed, the Court finds that the Third Party Complaint is not properly brought before this Court in connection with this adversary proceeding to determine dischargeability of a particular debt pursuant to 11 U.S.C. § 523. Accordingly, the Motion will be granted.

## BACKGROUND

Defendant/Third Party Plaintiff and his spouse filed a voluntary petition for bankruptcy under Chapter 7 of the bankruptcy code on March 4, 2002. A discharge was entered on June 17, 2002, and the case was closed on July 10, 2002. This adversary proceeding was filed by certain investors in Wild Autopark, L.L.C. ("Autopark") (the limited liability company formed by Defendant/Third–Party Plaintiff to acquire an auto dealership from Bar W) pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6), alleging generally that Defendant/Third–Party Plaintiff made false representations to Plaintiffs, that Defendant/Third–Party Plaintiff obtained Plaintiffs' investment and personal guarantees through actual fraud, that Defendant/Third–Party Plaintiff's actions were wilful and malicious, and that Defendant/Third–Party Plaintiff's actions were a breach of Defendant/Third–Party Plaintiff's fiduciary duty to Plaintiffs such that the debt represented by Plaintiffs' investment and payment on the personal guarantees should be declared non-dischargeable in this bankruptcy proceeding.

The Third Party Complaint alleges, among other things, that Bar W coerced Autopark and Defendant/Third–Party Plaintiff into signing an agreement representing that the sale of the auto dealership to Autopark had been fully funded, that Bar W made false representations to Ford Motor Company that the sale had been fully funded so that Ford Motor Company would agree to transfer the floor plan financing to Autopark, and that these actions resulted in Plaintiffs', Defendant/Third–Party Plaintiff's, and Autopark's loss of their investment in the dealership. Defendant/Third–Party Plaintiff's prayer for relief requests the Court not to find Defendant/Third–Party Plaintiff liable to Plaintiffs for any monies, requests further that if the Court determines that Defendant/Third–Party Plaintiff is liable to Plaintiffs, that the debt be determined dischargeable, requests the Court to hold Third–Party Defendants liable to Plaintiffs[1] for the amounts requested in the Complaint Objecting to Dischargeability Pursuant to Section 523 of the Bankruptcy Code ("Complaint"), and finally, requests the Court to hold Third–Party Defendants liable to Defendant/Third–Party Plaintiff for the loss of his investment and for the costs of defending the dischargeability lawsuit or any other civil or criminal fraud charges. This alleged cause of action was not listed as an asset in the Defendant/Third–Party Plaintiff's bankruptcy proceeding.

## DISCUSSION

Defendant/Third–Party Plaintiff filed his Third Party Complaint pursuant to Rule 14, Fed.R.Civ.P., as incorporated into the Federal Rules of Bankruptcy Procedure by Rule 7014, Fed. R. Bankr.P. Rule 14 governs third-party practice, and provides in relevant part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons

---

1. Following the hearing on the Motion, Defendant/Third–Party Plaintiff filed a Reply to Supplement to Motion to Dismiss Third Party Complaint ("Reply"). The Reply recites that Plaintiffs have released the Third–Party Defendants from liability.

and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Rule 7014(a), Fed. R. Bankr.P.

Rule 7014 is strictly procedural; it does not confer jurisdiction, nor does it create any substantive rights of contribution or indemnity. *See* 10 Collier on Bankruptcy ¶¶ 7014.02 and 7014.03 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev., 2002); *In re Walker,* 168 B.R. 114, 117 (E.D.La.1994), *aff'd,* 51 F.3d 562 (5th Cir. 1995) ("Rule 14 ... does not create a substantive cause of action; it merely sets up a procedural method for asserting an otherwise cognizable substantive right.") (citation omitted); *Boyajian v. DeLuca (In re Remington Dev. Group, Inc.),* 180 B.R. 365, 372 n. 14 (Bankr.D.R.I.1995) (noting that "Rule 14(a) compliance is not *sufficient* (nor even pertinent) to support bankruptcy court jurisdiction.") (emphasis in original). Thus, a third-party complaint must otherwise meet the jurisdictional requirements of 28 U.S.C. § 1334. In addition, a third-party claim brought pursuant to Rule 14(a) must be dependent on the outcome of the complaint against the defendant/third-party plaintiff, or must be based on the third-party defendant's secondary liability to the defendant/third-party plaintiff. *See Neill v. Borreson (In re John Peterson Motors, Inc.),* 56 B.R. 588, 592 (Bankr.D.Minn.1986) (citing *Hefley v. Textron, Inc.,* 713 F.2d 1487 (10th Cir. 1983) (remaining citations omitted)). Finally, the "permissibility of a third-party action is committed to the discretion of the court." *Id.* (citations omitted).

Bankruptcy courts have exclusive jurisdiction to determine dischargeability issues. *Brown v. Felsen,* 442 U.S. 127, 129–130, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). Adversary proceedings to determine the dischargeability of a certain debt pursuant to 11 U.S.C. § 523(a) are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(I). The question now before the Court, however, is whether it is appropriate for the Court to hear the Third–Party Complaint. As described above, the heart of the underlying Complaint is the issue of dischargeability of debt under 11 U.S.C. § 523(a)(2)(A), (4), and (6). The Third–Party Complaint is directed toward the issue of damages, and whether Third–Party Defendants' alleged actions make them liable either to Plaintiffs or to Defendant/Third–Party Plaintiff.

■■ There is a split in authority concerning whether a bankruptcy court has the power to enter money judgments in connection with dischargeability proceedings. Several courts hold that the bankruptcy courts have jurisdiction to enter money judgments against the debtor in connection with dischargeability proceedings. *See, e.g., Cowen v. Kennedy (In re Kennedy),* 108 F.3d 1015, 1017–1018 (9th Cir.1997); *Longo v. McLaren (In re McLaren),* 3 F.3d 958, 965–966 (6th Cir. 1993); *N.I.S. Corp. v. Hallahan (In re Hallahan),* 936 F.2d 1496, 1508 (7th Cir. 1991). The Tenth Circuit has not expressly ruled on this issue, and courts within the Tenth Circuit have reached conflicting conclusions. *Compare First Omni Bank, N.A. v. Thrall (In re Thrall),* 196 B.R. 959 (Bankr.D.Colo.1996) (concluding that bankruptcy courts lack jurisdiction to enter money judgments in connection with dischargeability proceedings), *and In re Hamilton,* 282 B.R. 22 (Bankr.W.D.Okla. 2002) (choosing to follow *Thrall), with Builders Steel Co., Inc. v. Heidenreich (In re Heidenreich),* 216 B.R. 61 (Bankr. N.D.Okla.1998) (holding that the bankruptcy court has jurisdiction to enter a money judgment in connection with dischargeability proceeding), *and In re Hixson,* 252 B.R. 195 (Bankr.E.D.Okla.2000) (same).

While this Court believes that it has the power to enter money judgments in connection with dischargeability proceedings, the circumstances of the Third Party Complaint and the status of the bankruptcy proceeding dictate that this adversary proceeding should be confined to the issue of dischargeability.

First, the Defendant/Third Party Plaintiff's Chapter 7 bankruptcy proceeding has been discharged and closed. While the dischargeability proceeding remains viable following the discharge and closing of the main bankruptcy proceeding, the question of damages is no longer relevant to the administration of the bankruptcy estate. The debt will either be declared dischargeable or not. If the debt is determined to be dischargeable, the determination of the amount of damages would be superfluous because the debt at issue will have been discharged as part of the Defendant/Third–Party Plaintiff's bankruptcy proceeding. If the debt is non-dischargeable, the amount of Plaintiffs' claim against the Defendant/Third–Party Plaintiff and the Defendant/Third–Party Plaintiff's claim against Third–Party Defendants can be determined in state court. All parties can then be brought before an appropriate forum to sort out the issue of damages. Defendant/Third–Party Plaintiff's claim against Third–Party Defendants is a state law claim that is not dependent upon the Bankruptcy Code. At most, the Court would have only "related to" jurisdiction pursuant to 28 U.S.C. § 1334(b). *See First Omni Bank, N.A. v. Thrall (In re Thrall)*, 196 B.R. 959, 968 (Bankr.D.Colo. 1996) ("Claims which, in the absence of the bankruptcy petition, could have been brought in a district court or state court are, at most, related to the bankruptcy case.") (citing *Gardner v. U.S. (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990)). In other words, establishing the amount of the claim is unnecessary for the complete administration of this estate. It is more efficient for Plaintiffs to proceed to state court to determine the amount of their claim if this debt is found to be non-dischargeable.

■ Because the Court has confined the scope of the adversary proceeding to dischargeability, the Third–Party Complaint must be dismissed. Dischargeability actions are declaratory in nature; the Court simply determines whether the defendant's actions fit within the code sections that bar the discharge of certain types of debt. *See First Omni Bank v. Thrall (In re Thrall)*, 196 B.R. 959, 968 (Bankr.D.Colo.1996) ("Determination dischargeability of a debt is a limited function under the Code. It only defines the scope of discharge and does not substitute for a full and complete determination of all claims and defenses which can be asserted under non-bankruptcy law."). Rule 7014 applies only when the third-party defendant "is or may be liable to the third party plaintiff for all or a part of the plaintiff's claim against the third-party plaintiff." Rule 14(a), Fed. R.Civ.P., as incorporated into the Federal Rules of Bankruptcy Procedure by Rule 7014, Fed. R. Bankr.P. When the adversary proceeding is limited to the issue of dischargeability, a third-party defendant could not be held liable to plaintiffs for a defendant's actions. *See Gulf Insurance Group v. Narumanchi (In re Narumanchi)*, 221 B.R. 311, 315 n. 9 (Bankr.D.Conn. 1998) ("Indeed the Court questions whether an entity could ever be secondarily liable to a bankruptcy debtor in connection with a determination of the dischargeability of debt, given that pure dischargeability actions are declaratory in nature."). In sum, because the Court has confined this adversary proceeding to the issue of dischargeability, the Third Party Complaint fails to come within the parameters of Rule 7014, Fed. R. Bankr.P.

For the foregoing reasons, the Court concludes that the Third Party Complaint should be dismissed. It is, therefore, unnecessary for the Court to address Third–Party Defendants' remaining arguments.

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Dismiss Third Party Complaint is GRANTED.