In re Alfred Todd COTTEN, Debtor.

Misty Dawn Cotten, Plaintiff,

v.

Alfred Todd Cotten, Defendant.

**Bankruptcy No. 04–10076–BH.**
**Adversary No. 04–1118–BH.**

United States Bankruptcy Court, W.D. Oklahoma.

Nov. 18, 2004.

584

O. Clifton Gooding, The Gooding Law Firm, Oklahoma City, OK, for Plaintiff.

L. Win Holbrook, Holbrook & Toffoli, Oklahoma City, OK, for Defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

RICHARD L. BOHANON, Bankruptcy Judge.

This memorandum is the findings of fact and conclusions of law required by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## Findings of Fact

1. The parties are former spouses. They have one child together who resides with the Plaintiff.

2. During the divorce proceedings, both parties were represented by counsel.

3. A divorce decree was entered by the Tennessee state court in 1999. The decree was negotiated by the parties with the assistance of their respective counsel.

4. The decree provided that the Defendant was obligated to pay a second mortgage note on real property retained by the Plaintiff. The divorce decree also provided that "such obligation shall be deemed to be a support obligation under 11 U.S.C. Sec 523(5)[sic], which is not dischargeable in bankruptcy." (*See* Divorce Decree at 7.) The Defendant was awarded a lien against the real property, and the Plaintiff became obligated to pay the Defendant either upon her remarriage or when their child reached 18. (*See* Divorce Decree at 6.)

5. In 2001, the parties returned to state court, and the state court entered a consent order in which they agreed to certain setoffs. However, the consent order expressly provided that the Defendant remained obligated on the second mortgage note.

6. The Defendant failed to pay the note. The Plaintiff learned that her home was about to be foreclosed and satisfied the note.

7. The Defendant later filed this Chapter 7 bankruptcy petition, and the Plaintiff initiated this adversary proceeding seeking an exception to the Defendant's discharge because his obligation to pay the second mortgage note is in the nature of support.

8. Following the trial, the Court took the matter under submission.

## Discussion

This case presents a common dilemma that former spouses face when one files for bankruptcy seeking to discharge an obligation owed to a former spouse. The non-debtor spouse then seeks an exception to the debtor's discharge, claiming that the obligation is in the nature of support and is non-dischargeable under 11 U.S.C. § 523(a)(5). On the other side, the debtor contends that the debt is a dischargeable property settlement. It is left to the bankruptcy court to determine what the parties' shared intent was concerning the nature of the obligation and to decide whether the obligation is in fact in the nature of support.[1]

The legal standards that govern the bankruptcy court's decision are well-established, but their application is frequently more problematic.

Section 523(a)(5) provides for an exception to the debtor's discharge for a debt to a former spouse "for alimony to, maintenance for, or support of such spouse." 11 U.S.C. § 523(a)(5).

The Court of Appeals for the Tenth Circuit outlined a two prong inquiry

---

1. Interestingly, bankruptcy courts are asked to decide what the parties and the state court intended when in fact the state court could decide the dischargeability issue since it has concurrent jurisdiction with the bankruptcy courts. *See Goss v. Goss*, 722 F.2d 599, 602 (10th Cir.1983). *See also, Beardslee v. Beard-* *slee (In re Beardslee)*, 209 B.R. 1004, 1009 (Bankr.D.Kan.1997) ("Bankruptcy courts do have exclusive jurisdiction to determine dischargeability of claims under § 523(a)(2), (4), and (6).... But state courts have concurrent jurisdiction to determine all other types of nondischargeability matters under § 523.").

for determining whether a debt was truly in the nature of support in *Sampson v. Sampson (In re Sampson)*, 997 F.2d 717 (10th Cir.1993). Under *Sampson*, the Plaintiff has the burden of proof to show by a preponderance of the evidence: (1) that the parties intended the obligation to be support, regardless of the label attached; and (2) that the obligation is support in substance. *See id.* at 723.

### I. Parties' Shared Intent

The first inquiry is whether the parties intended the obligation to be for support. The Tenth Circuit considered several factors to glean their intent. In *Sampson*, it looked to the parties' written agreement and the surrounding circumstances at the time of the divorce. The agreement's language expressly stated that the obligation was intended as support for the plaintiff. Also, the surrounding circumstances demonstrated the plaintiff's need for support since at the time of the divorce she was a homemaker of many years with very few marketable skills. *See id.* at 723–25.

■ Federal law determines whether the debt is in the nature of support or not. *See* 4 *Collier on Bankruptcy* ¶ 523.11[1] at 523–78 (Lawrence P. King, ed., 15th ed.). The bankruptcy court is not bound by the labels given to the debt by the parties or state law. *See id.* at 523.11[6][a] at 523–83.

■ This case is unusual because the decree, which was entered with the parties' express consent, states that the Defendant's obligation to pay the note was deemed to be for support. In fact, that provision goes further and mandates that the obligation is non-dischargeable under § 523(a)(5). The Court concludes this provision is the best evidence of the parties' shared intent.

The weight to be given this expression of the parties' intent is strengthened by the lack of evidence regarding the parties' relative financial condition at the time of the divorce. However, the evidence presented shows that the parties were represented by counsel and that the divorce decree was negotiated at arms length. Indeed, the Plaintiff testified that she and her divorce counsel were concerned about a future bankruptcy by the Defendant.

The structure of the divorce decree also demonstrates that the obligation was intended to be in the nature of support. First, the decree deals with custody and child support. Next, it delineates the parties' property division. Finally, it specifies the division of debts. The provision at issue immediately follows. The placement of the provision is clearly intentional. Where better to position the provision than immediately after the division of debts?

In this case, the evidence shows that the parties said what they meant and meant what they said. In fact, they also repeated their intention that the Defendant would remain responsible for the debt in the subsequent consent order, which was also prepared for entry by the parties' counsel.

Thus, the Court finds and concludes that the obligation for the Defendant to pay the second mortgage note was intended by the parties to be for support.

The Court's conclusion is in accord with *Sampson* in which the parties' agreement contained language that the obligation was for support of the plaintiff. The Tenth Circuit determined that the "Agreement provides compelling evidence that the parties intended the obligation as maintenance." *Sampson*, 997 F.2d at 723.

Therefore, the Court holds that the Plaintiff has sustained her burden on the first inquiry.

## II. Support in Substance

■ The other inquiry under § 523(a)(5) is whether the obligation is truly in the nature of support. Here, it is not difficult to conclude that the Defendant's obligation functions as support.

In a case similar to this one, the bankruptcy court held that debtor-husband's obligation to pay a second mortgage note under a separation agreement was in the nature of support since the function of the obligation was to provide the ex-wife and children with shelter. *See Lewis v. Trump (In re Trump)*, 309 B.R. 585, 593–94 (Bankr.D.Kan.2004). This Court agrees with the reasoning in *In re Trump*, that "[t]he provision of shelter for one's family is ordinarily in the nature of support and, although not conclusive, represents strong indicia that [the ex-husband's] obligation to [the ex-wife] to make payments on the second mortgage is in the nature of support." *Id.* at 594.

In this case, the weight of the evidence shows that the Defendant's obligation was in substance support. At the time of the decree, the Plaintiff and the parties' child lived in the home for which the Defendant was obligated on the second mortgage note. They continue to live there. The shelter provided by the home was sustained so long as the Defendant paid the debt. When he failed to pay, the Plaintiff was forced to pay it herself to stave off foreclosure. Under these circumstances, the Court holds that the Plaintiff has sustained her burden to show that the obligation was in substance support.

## III. Contentions of the Defendant

The Defendant argues that the provision that his obligation to pay the debt was

deemed non-dischargeable support is not enforceable. Certainly, waivers of a discharge have been held to be unenforceable. *See id.* at 593. However, the Defendant's argument misses the heart of the matter.

The provision, whether considered a waiver or not, is still a clear expression of the parties' shared intent at the time of the divorce that the Defendant's obligation was for support. Also, its function was to support the Plaintiff and their child. In other words, the Court need not decide whether the provision is enforceable or not. It is enough that the provision is so obviously indicative of the parties' intent.

■ Parties to a divorce should remain free to choose their own financial destiny by articulating their intent concerning divorce obligations. This case appears to be one in which the Plaintiff's divorce counsel provided competent advice by including the provision at issue here, and other attorneys practicing family law would be wise to follow suit.

### Conclusion

■ Accordingly, the Court concludes that judgment shall be entered in favor of the Plaintiff, and the Defendant's obligation to repay the second mortgage note is hereby declared non-dischargeable.[2]

---

**2.** The complaint seeks a money judgment; however, bankruptcy courts do not have power to enter money judgments. *See Porter Capital Corp. v. Hamilton (In re Hamilton)*, 282 B.R. 22 (Bankr.W.D.Okla.2002). Therefore, the Plaintiff must seek her money judgment from a non-bankruptcy court.